*Rutland,*
January,
1826.

SAMUEL TOWSLEY, plaintiff below, *vs.* DANIEL DANA, defendant below.—*IN ERROR.*

The defendant had agreed to receive of the plaintiff, in part payment of a note, a piece of cloth at the appraisal of one P. S. it being optional with the plaintiff, to send the cloth or not. The plaintiff sent a piece of cloth by his agent, with instructions not to let it go, but to return it to him, unless the defendant would allow $1,50 per yard for the cloth. The agent procured P. S. to appraise the cloth, who appraised it at a less sum. The agent informed the defendant of his instructions, and took the cloth home to his own house. The defendant afterwards went to the agent's house, and procuring the cloth from the agent's *wife,* endorsed it on the note at the price P. S. had appraised it, and refused to deliver it on demand.—*Held,* That the property in the cloth was not changed by those transactions, and that trover would lie to recover the value.
What is necessary to constitute a valid sale of chattels.

ERROR.—The judgment which the plaintiff complained of as erroneous, was rendered in an action of trover, brought against the defendant, for converting certain cloth, described in the declaration. The material facts shown in evidence on trial, as appeared by the bill of exceptions, were, that the plaintiff, on the 10th December, 1822, was indebted to the defendant, for which claim he then procured one Chester Baker to execute his note for the amount, payable in grain in one year. The defendant then agreed with the plaintiff, to receive of him a piece of fulled cloth, and apply upon the note of Baker the value, at the appraisal of *Phineas Strong,* of *Pawlet,* it being optional

Rutland,
January,
1826.

Towsley
vs.
Dana.

with the plaintiff to send the cloth or not. On the 15th of December, the plaintiff sent by *Chester Baker*, his agent, a piece of fulled cloth and flannel, with instructions not to let it go, but to return it to him, the plaintiff, unless the defendant would allow one dollar and fifty cents per yard for the fulled cloth. At the instance of *Baker*, the cloth was appraised by *Strong*. He appraised it at a less sum per yard, and labelled the cloth, but did not measure it. *Baker* informed *Strong* what instructions he had received from the plaintiff, and took the cloth home to his, *Baker's* house. Afterwards, on the 20th December, the defendant went to *Baker's* house, in his absence, and requested the wife of Baker to deliver him the cloth, which he received from her, and endorsed upon the note the amount at the appraised value by *Strong*. On the 1st of January following, the plaintiff demanded of the defendant to endorse or apply upon the note the amount of the cloth, according to the value he had placed upon it and his directions to *Baker*, or to return to him the cloth: the defendant refused to do either.

The substance of the charge given by the county court to the jury, upon this evidence, was, that if they found that the plaintiff had agreed to submit to the decision of *Strong*, the parties were bound by his decision. And this was the error assigned.

*Thrall* and *R. C. Royce*, for the plaintiff, insisted, that the accord or agreement between the parties, of the 10th December, 1822, was of no validity in law, and not obligatory on either party, in as much as it was left optional with the plaintiff, whether he performed it on his part or not. And cited 1 *Swift's Dig.* 299, 377—3 *Term R.* 653.

*Clark* and *Brown*, for the defendant, contended, that the appraisal by *Strong* being in accordance with the agreement of the parties, they were bound by it, and the property of the cloth passed in pursuance of the agreement—that though the agreement, in its creation, might not have been binding, yet, after it was executed agreeably to the terms of it, neither party could annul or avoid it.

The opinion of the Court was delivered by

Skinner, Ch. J. After reciting the above facts, he said, upon these facts the amount of the instructions given by the Court to the jury, in charge, was, *if the plaintiff agreed to submit to the decision of Strong, the parties were bound by his decision.* This charge was manifestly erroneous, and calculated to mislead the jury. Admitting that the contract would have been obligatory upon the defendant, on the plaintiff's transmitting to him the cloth according to the terms proposed, and although it may not have been the duty of the Court to have charged as requested, (upon which it is unnecessary to express an opinion) the law upon the important point in the case, and upon which the Court did charge, was misapprehended.

To constitute a valid sale of chattels, it is necessary there should be a transfer and change of property; though it may

44

*Rutland,
January,
1826.

Towsley
vs.
Dana.

not be necessary (the parties having themselves agreed upon the price, or a third person agreed upon for that purpose, having determined the price) that there should be any actual delivery by the vendor, and possession taken by the vendee, to make the sale complete, so that the goods may be said to be bound by the contract, the price having been paid at the time, or perhaps earnest given.   The law is well settled that without a *delivery* of the goods by the vendor, the price not having been paid, the property is not divested, and the vendee cannot seize it, or maintain trover for it.   An undertaking to pay at any other time, accepted and relied upon by the vendor, may have the same effect as payment at the time.---2 *Com. Dig. Biens D.* 3.---1 *ib. Agreement, B.* 3—2 *Bl. Com.* 447.—3 *Com. Law R.* 373-4.--1 *Sal.* 112, 113.--*Noys* 87.

In this case, the agreement upon which the defendant relies, was made on the 10th December, at which time the goods were not delivered, nor was any price agreed upon.   It was left optional with the plaintiff to submit to the appraisal of *Strong* and deliver the goods, or not.   If the goods had afterwards been delivered by the plaintiff or his agent, according to his directions, and received by the defendant, the property would have been changed, whether the defendant had endorsed the value upon the note or not; but the case shows, that the plaintiff directed *Baker*, his agent, not to deliver, but to return the cloth to him, unless the defendant would allow a certain price, which he refused to do.   The agent, without authority, for aught appears, (though that is not material in the case) procured *Strong's* appraisal, informing him of the plaintiff's directions, and then took the cloth home.   The defendant, having no notice from the plaintiff of his intention to comply with the terms of the agreement, had no claim to the cloth, and was a trespasser for taking it, and it was the duty of the Court, from the facts they have sent to us in the record, to have instructed the jury there was no sale, and that the defendant was liable for taking the cloth. There is, therefore, error, &c.

Judgment of the county court reversed.

*Reuben R. Thrall, Moses Strong* and *Rodney C. Royce,* for the plaintiff.

*Ambrose L. Brown* and *Jonas Clark,* for the defendant.