EDMUND RILEY v. JOHN T. WHEELER AND LOOMIS ALLEN.

*Agency. Sale. Credit. Right to Possession.*

Where in respect to a sale of a house, by an agent, which was to be moved off the testimony showed that the purchaser said he would give $25 for it, and the agent agreed to a sale at that price; that the purchaser did not pay the price then, and the agent said that would make no difference; *held,* that it was not a sale upon credit, no time having been given for the payment of the price, nor leave given to take the house away without payment.

Under such circumstances the purchaser had no right to take it away against the will of the seller without payment or tender of payment, and having done so is liable in trespass therefor, the house being regarded as a chattel, and the rule in respect to sale of chattels being that an agreement upon the price does not give the purchaser the right to carry them away before he has paid for them, if no time is given in which to pay for them.

The testimony in this case not being unequivocal as to the extent of the agent's authority to make the sale, or the time it was to continue, it could not be determined as matter of law whether he exceeded his authority as to time or manner of execution of his agency, and both points should have been submitted to the jury.

THIS was an action of trespass for removing and appropriating a building claimed to belong to the plaintiff. Plea, the general issue. Trial by jury, September term, 1869, PIERPOINT, C. J., presiding. Verdict for the defendants.

The plaintiff's evidence tended to show that he purchased the building of one Lawrence, in St. George, having some years previously occupied the same as a dwelling-house for some three years; that he had purchased it some fourteen months before the trespass complained of, with the purpose of removing the same and using it as a dwelling-house, and had the right of removing the same, and that the defendants entered into the building on the 26th of February, 1867, took down the chimneys and made preparations for removing the same, and on the 27th day of said February, 1867, moved the building away and converted it to their use. There was no question made as to these facts.

The defense was put upon the ground that the defendants were owners of the building, by purchase of the same, on the 25th day of February, 1867, of said Lawrence, acting as and being the authorized agent of the plaintiff for that purpose. On this point

the defendants put in the testimony of said Lawrence, who testified in substance as follows :

I have known the old house for sixteen years, and have owned the land on which it stands during that time. The plaintiff paid me twenty-five dollars for it, and this was all it was worth, and all I asked him for it. At the time he bought it, he expected to buy some land near by, upon which to remove the house, and he was to remove it that fall, but he did not buy the land as he expected to do, and he obtained my consent to have the house remain where it was on my land until the next fall. In the summer of 1866, I met the plaintiff in Burlington, and asked him if he wanted to sell the house. He said he did, as he had no place for it. We talked about its value, and I think I told him the Marble folks had enquired about it, and I thought he could get $30 for it. I think he said he thought it ought to be worth $35. He said I might sell it, and whatever I got over $25, he would give me half of.

On cross examination on this point, the witness said that one Plummer, who was connected with the marble works, had spoken to him about buying the house, previous to the interview with the plaintiff at Burlington, but had made no definite proposition on the subject ; that witness was not certain whether or not he told the plaintiff of this before the plaintiff told the witness to sell the house, but he thought that he did not speak of Plummer until afterwards, and then as explaining why he had spoken to him on the subject at that time ; that there was no talk between him and the plaintiff about selling to any other person, and that he told the plaintiff he (Lawrence) thought he could get $30 for the house ; and that he was never authorized to sell the house for $25, unless it was conveyed in the remark that all he could get over $25 he (the plaintiff) would divide. On the subject of the sale, Lawrence testified, that the defendants came to him on the 25th day of February, 1867, and applied to him to purchase the house, and he told them the house was Riley's, and also told them what Riley had told him at Burlington about selling the house, and that he wished they would go and see him ; that they said they could not go, and made him an offer of $25, saying, that if they could not get it for that, they should go and see another house ; that he asked $30, but after some talk and hesitation on his part, he said he would take the responsibility to say they might have it, as he thought it would be more satisfactory to the plaintiff to have it sold, and he accepted the offer of $25, and the trade was closed ; that he did not take into account his authority as a legal question, and felt a little doubt about taking the responsi-

bility of selling the house, and preferred that the defendants should see the plaintiff; that if he supposed the plaintiff would not assent to it, he (Lawrence) would not have sold the house; that the defendants paid nothing towards the house, and offered nothing until after the house had been removed. On this subject, Allen, one of the defendants, testified for the defense in substance, that on applying to Lawrence to purchase, Lawrence said that Riley would want $30 for the house, but they said they would give only $25, and Lawrence agreed to it; that they did not pay Lawrence at the time; that Lawrence said that would make no difference; that in two or three weeks after, they offered to pay him, but he did not take the payment. The plaintiff in reply gave evidence tending to prove that while the defendants were engaged in work upon the house, preparing to remove it, and as soon as he learned of the sale by Lawrence, he repudiated Lawrence's authority to sell, claimed the house as his, and forbade their removing it, and gave other testimony tending to contradict the defense made by the defendants.

On the case as thus made by the defendant's testimony, the plaintiff asked the court to rule and charge the jury that Lawrence had no authority to sell the house in the way that he professed to sell the same.

1. That he was not authorized to sell for the price of $25.

2. That he was not authorized to sell to the defendants, but only to Plummer, or to the Marble folks.

3. That the authority given was not a continuing one, but was confined to the occasion named between Lawrence and the plaintiff at Burlington, that it was to be executed in some reasonable time thereafter, and did not extend to the transaction with the defendants.

4. That Lawrence was not authorized to sell upon the credit given.

The court having intimated that these questions would be left to the jury under instructions, they were severally argued to the jury, and the court charged the jury upon these points. That in the conversation between Lawrence and the plaintiff there was no direct limitation in terms, as to the price at which the house should be sold, whether for more or less than $25: that this depended upon the intent of the parties as a fact, to be found from the language used in connection with the attending circumstances; that the question was, did the plaintiff intend to fix upon $25 as a minimum, and authorize the sale at that price; that if Lawrence so understood it, and had a right so to understand it,—explaining satisfactorily what would give him such

right—then the sale at $25 was in accordance with the authority given, and (other points being established) transferred the property. That if the jury should find that the authority was limited to a sale to Plummer and no one else, then Lawrence had no authority to sell to the defendants. That as to a continuing authority to sell, the fact that the sale was made so long after the authority given would not affect the case; that such lapse of time might lead Lawrence to be more cautious, but there was nothing in the case tending to show any limitation as to the time of the sale, and that unless the jury should find that Lawrence's authority was limited to a sale to Plummer, then there was nothing in the case tending to show that this authority did not extend to a sale to the defendants at the time he so sold, and there being no evidence of revocation of the authority given, it must be treated as a continuing authority, and not limited to the transaction particularly mentioned in the conversation between Lawrence and the plaintiff at Burlington. That the evidence did not disclose any such credit given as would invalidate the sale.

On the subject of a revocation, or disclaimer of Lawrence's authority, and notice to the defendants not to remove the house, the court charged the jury that if the defendants had taken possession of the house for the purpose of removing it, before such revocation, disclaimer or notice, such notice would be unavailing.

To the refusal to charge as requested, and to the charge as given, the plaintiff excepted.

*L. B. Englesby,* and *Daniel Roberts,* for the plaintiff.

*E. R. Hard,* and *R. H. Start,* for the defendants.

The opinion of the court was delivered by

WHEELER, J. The parties were at issue with reference to the extent of the authority of Lawrence, and the time within which it was to have been exercised. The testimony on this subject came from Lawrence, but it was not unequivocal either as to the extent of the authority or the time it was to continue; he had doubts about it in his own mind, and so told the defendants. Upon this testimony it could not be determined as matter of law whether Lawrence exceeded his authority, or not, either as to time or manner of execution; a trial of fact was necessary to determine each question. The court submitted the question as to the extent of

the authority to the jury, but determined the time it was to con-
tinue, if found, as a matter of law. In this we think there was
error. Both questions should have been submitted to the jury, as
well the time the authority was to continue as its extent in other
respects.

The parties agree that Lawrence had not any legal authority to
sell upon credit. The testimony tended to show that the defend-
ants said to him that they would give twenty-five dollars for the
house, and that he agreed to a sale of it at that price ; that they
did not pay the price then, and he said it would make no differ-
ence. The court held that it was not a sale upon credit ; and
this we think was correct. No time was given for payment of the
price, or leave given to take the house away without payment.

The testimony tended to show that as soon as the plaintiff
learned that Lawrence had sold the house, he proceeded to repu-
diate the sale, and found the defendants in possession of the house
preparing to remove it ; that he then repudiated the authority of
Lawrence, claimed the house as his, and forbade its removal by
the defendants. The court held this repudiation, claim and notice
to be of no avail to the plaintiff. The house stood upon Law-
rence's land, in which the plaintiff had no interest ; it was there-
fore a mere chattel, and has been so treated by all parties for all
purposes. The price had not been paid or tendered, neither had
any time been given for the payment.

In Noy's Maxims, page 87, it is said ; " If a man do agree for
a price of wares, he may not carry them away before he hath paid
for them, if he have not day expressly given him to pay for them.
But the merchant shall retain the wares until he be paid for them ;
and if the other take them, the merchant may have an action of
trespass, or an action of debt for the money, at his choice." We
recognize this as sound law to its full extent. ( Shep. Touch., 225,;
Long on Sales, Rand's ed., 262.) The defendants had taken pos-
session of the house, for the purpose of removing it, before they
were forbidden, but they had no right to remove it without pay-
ment, or tender of payment ; their possession for that purpose
was, therefore, wrongful, and could not give them a right to pro-
ceed to remove the house, against the will of the plaintiff. The

plaintiff, at his choice, brought an action of trespass, and, upon these facts, was entitled to maintain it. We think the charge was erroneous in this respect.

The judgment of the county court reversed, and case remanded.