EDMUND RILEY *v.* JOHN P. WHEELER AND LOOMIS ALLEN.

*Agency. Credit.*

A factor may sell the goods of his principal on a reasonable credit, unless restrained by instructions, or special usage.

An agent authorized to sell one particular chattel, and being invested with special and limited powers, cannot bind his principal in any act not warranted by the express authority delegated to him, and what is necessarily incident thereto to enable him to perform the act to which his agency applies. He can invoke no general custom or usage.

L. was authorized by the plaintiff to sell a house, separate from the land, for $25; and he sold it to the defendants at that price, and authorized them to take possession and remove it, and pay for it after the removal if they so elected. They entered into possession, and while they were preparing it for removal, and after some labor and expense in such preparation, the plaintiff forbade the defendants' removing the house, and denied that L had any authority to sell it. The defendants persisted in removing it, and the plaintiff brought trespass therefor. The court charged that L., being invested with authority to sell, was thereby empowered to surrender the possession to the purchasers without payment on their promise to pay in the future. *Held* that this was error.

TRESPASS, for the dismantling, removing, and appropriating to the defendants' use, a building belonging to the plaintiff, situated in St. George; and was tried by jury upon the general issue, at the September term, 1871, PIERPOINT, Ch. J., presiding. Verdict for the defendants. Writ dated March 16, 1867.

The plaintiff's evidence tended to show that he had, in March, 1866, purchased the building of one Lawrence, standing upon Lawrence's land, having previously occupied it as a dwelling-house for some three years,— expiring in 1864— upon rent, and had paid for it before the tresspass complained of: that he had purchased it with the purpose of removing the same from Lawrence's land upon other land, and using the same as a dwelling-house, and had the right of so removing it; and that the defendants, on the 26th day of February, 1867, entered into the building and commenced taking down the chimney, taking out the partitions, and making preparations for removing the building, and continued such work and preparations through the next day, and on the 28th of said February, moved the building off to other.

premises, and converted it to their own use — all against the will of the plaintiff. No question was made as to these facts. It further appeared, that at the time of said purchase the house had not been occupied for about two years, with the exception of a few months in the summer and fall of 1865, when it was occupied by Lawrence's hired man; and it remained wholly unoccupied and unused until it was taken possession of by the defendants as aforesaid.

The defense was put upon the ground that the defendants, as committee of a school-district in St. George, had purchased the house on the 25th day of February, 1867, of said Lawrence, for the purpose of moving it off and converting it into a school-house: said Lawrence acting as, and being, the authorized agent of the plaintiff to sell the house. The defendant's testimony on this point tended to prove that Lawrence met the plaintiff in Burlington, in July, 1866, and asked him if he wanted to sell the house, and the plaintiff replied that he did: that Law-then said that one Plummer had spoken to him about buying the house, and he (Lawrence) thought it could be sold for $30: that the plaintiff replied that it ought to bring $35; but that he (Lawrence) might sell it, and all he got over $25 they would divide between them; and that no further allusion to the subject had occurred between Lawrence and the plaintiff, until after Lawrence had sold the house to the defendants.

The defendant's evidence, not contradicted, further tended to prove, that on the 25th day of February, 1867, Lawrence — professing to act for the plaintiff, and representing the house to belong to the plaintiff — sold it to the defendants at the price of $25, and with the mutual understanding that the defendants would immediately, and as early as the next morning, take possession of the house for the purpose of preparing it for removal, and would remove it; and that they should pay for the house at their convenience, after the removal of the house: that the defendants asked Lawrence if he wanted the pay down, and if so, they would get it for him, and Lawrence replied it was no matter about that — any time will answer; and that Lawrence did consent to their taking possession of and removing the house without pay-

ment of the price, upon their agreeing to pay for it as above stated; and that accordingly, the defendants, with several assistants, early in the morning of the 26th of said February, took possession of the building in the way of preparing it for removal.

It was not claimed that the defendants had ever paid or offered to pay anything towards the purchase; and the school-district, at the time of the purchase, had no funds on hand with which to pay for the house.

The plaintiff's evidence tended to contradict that of the defendants, on the subject of Lawrence's authority thus to sell the house, and further tended to show that on the morning of the 26th of said February, and before the defendants had taken possession of the house, preparatory to its removal, and as soon as he learned of the sale by Lawrence, and again in the afternoon of the same day, as also on the day following,—but, on the two last occasions, after the defendants had so taken possession and were at work on the building, preparing it for removal—the plaintiff forbade the defendants from meddling with the house—claimed it as his, and denied the authority of Lawrence to sell the house.

The defendants' testimony tended to show that such notice was not given to them until after they had taken possession of the building, and not until late in the afternoon of said 26th of February; and that they were so in possession preparing to remove the house, and had done considerable work upon the house in preparing it for removal, at the time said several notices were given.

The plaintiff's counsel made the point, that, upon the evidence, Lawrence had no authority to sell the house upon the terms that the defendants might take possession of and remove it, and pay for it afterwards; and that the plaintiff, upon the evidence, was entitled to recover — and asked a charge accordingly.

The court declined to rule and charge the jury as requested by the plaintiff, but did rule and charge on these points — in substance: that if the jury should find that Lawrence was authorized by the plaintiff to sell the house for $25 — as Lawrence had testified — and this authority was continued, and existed at the time he sold the house to the defendents — then that Lawrence was authorized to agree to the defendants taking possession of the house, and

removing it without payment of the price until after its removal, and at their convenience, upon the agreement of the defendants that they would so pay; and that if the jury should find that the defendants had, under this arrangement, taken such possession of the house, for the purpose of removal, by the assent of Lawrence, and had done such work upon it as their testimony tended to show, before the plaintiff had given the defendants the notice repudiating the agency of Lawrence, and forbidding them to meddle with the house — then the property, by the sale, having already vested in the defendants, the defendants had the right, under this assent of Lawrence, to continue their work and· remove the house, notwithstanding such notice, and without payment or offer of the purchase price; and this action of trespass would not lie.

The charge upon other points in the case was satisfactory. To the refusal of the court to charge agreeably to the points made by the plaintiff, and to the rulings and charge as given upon these points, the plaintiff excepted.

*Daniel Roberts*, for the plaintiff.

*E. R. Hard*, for the defendanst.

The opinion of the court was delivered by

REDFIELD, J. This was an action of trespass, for dismantling and removing a house belonging to the plaintiff, and situated on the land of one Lawrence, in the town of St. George.

The jury have found the fact that Lawrence was authorized by the plaintiff to sell the house for the sum of $25, and that he sold it to the defendants — who acted in behalf of a school-district — for that sum, as the agreed price, and authorized them to take possession and remove it, and pay for it after the removal if they so elected. The defendants entered into possession of the house, and while defendants were preparing the house for removal, and after some labor and expense in such preparation, the plaintiff forbade the defendants removing the house, ordered them to desist, and denied that Lawrence had any agency or authority to sell the house. The defendants persisted in removing the house, and for such alleged trespasss this action is brought.

The court charged the jury, that " if Lawrence had authority from the plaintiff to sell the house for $25, then Lawrence was authorized to agree to defendants taking possession of the house and removing it, without payment of the price until after the removal, and at their convenience, upon the agreement of defendants that they would pay."

When this case was before the court at a former term, 42 Vt., 528, it was very properly decided that a purchaser of a chattel could not take possession against the will of the vendor, without payment of the price. But whether an agent, authorized to sell, was authorized to part with the possession without the payment of the stipulated price, was not discussed. It is however stated in the opinion, by WHEELER, J., that " the parties agree that Lawrence had no legal authority to sell upon *credit.*" " Authority to *sell,* does not carry with it authority to sell on *credit,* unless such be the usage of trade." 1 Par. on Con., 50.

Such rule of law was formerly strictly applied to factors, who are *general* agents in a particular line of business. But it is now settled as a rule of law, that a factor may sell on a reasonable credit, in the absence of all contradictory proof. Story on Ag., p. 249, §209 ; or, as is very well stated by MELLEN, J., in *Greeley* v. *Bartlett,* 1 Greenl., 172, as the rule of the law merchant, " that a factor may sell the goods of his principal on a reasonable credit, *unless* restrained by instructions or special usage."

We think this a sale on credit. It was specially agreed that defendants should not be required to pay for the house until *after the removal* — and then at their convenience. Were this an action for the price, and the defence that the action was prematurely brought, by reason of credit, an agreement without limit of time would be unavailing as a defense. But in this case, there was a credit until after the removal: which was certain — or capable of being made certain. Besides, in a case of this kind, the very essence of the inquiry is whether an agent, authorized to sell a particular chattel, can part with the chattel sold without payment of the stipulated price, and thereby subject his principal to the risk of its loss.

The agent would, indeed, be personally responsible for the

property sold, in case he exceeded his authority. But the owner may affirm the sale, or repudiate it, and treat the purchaser as a trespasser at his election. Story on Ag., §§ 224, 226 ; *Peters* v. *Ballister*, 3 Pick., 498.

In this case Lawrence was a *special*, as distinguished from a *general* agent. He was authorized to sell one particular chattel. And being invested with special and limited powers, he could not bind his principal in any act not warranted by the express authority delegated to him and what was necessarily incident thereto, that he may perform the act, to which his agency applied. He can invoke no general custom or usage, for such cannot well apply to the private sale of one single, isolated chattel.

It is claimed by the plaintiff, that the agent, though not authorized to sell on *credit*, could rightfully waive his lien for the price, and allow the purchaser to take the possession without payment. If this were so, the agent might virtually sell the goods of his principal on credit, and by indirection place them beyond the reach of the owner, and avoid all personal responsibility himself. We think the proposition of law in the charge of the court, that the agent, being invested with authority to *sell*, was thereby empowered to surrender the possession of the property to the purchaser without payment, upon their promise to pay for it at some future time, error. Whether, the ground of plaintiff's claim having been found against him, the defendants can invoke any other principle of law in their defence, we have no occasion to discuss.

The judgment is reversed, and the cause remanded.