## ROBERT CHALMERS v. JOHN McAULEY.

· OCTOBER TERM, 1895··

*Sale. Expense of keeping cattle between sale and delivery.*

1. When property is sold at auction for cash or approved paper, the title does not pass, in the absence of any arrangement to the contrary, until payment is made and the property delivered.

2. So when the property sold consisted of cattle, and the vendee did not for several days produce paper which the vendor approved, but did finally, whereupon the paper was received and the cattle delivered, *held*, that the vendee was not liable for the expense of keeping the cattle from the date of the sale to the delivery.

Assumpsit. Plea, the general issue. Trial by jury at the June term, 1894, Caledonia county, TYLER, J., presiding. The court directed a verdict for the plaintiff. The defendant excepts.

*J. P. Lamson* for the defendant.

The court should have directed a verdict for the defendant. The title did not pass to him until he paid for the stock and received it. *Riley* v. *Wheeler*, 42 Vt. 528; *Miller* v. *Cushman*, 38 Vt. 593; *Hale* v. *Huntley*, 21 Vt. 147; *Cole* v. *Kerr*, 20 Vt. 21.

*Dunnett & Slack* for the plaintiff.

The general property in the animals passed to the defendant when they were struck off to him, although the plaintiff still had a lien on them for the purchase price and a right to retain them until that was paid. *Winslow* v. *Leonard*, 24 Pa. St. 14; *Wade* v. *Moffat*, 22 Ill. 110; *Griswold, Pearl & Co.* v. *Scott*, 66 Vt. 550; *Graves* v. *Ashlin*, 3 Camp. 426.

START, J. The plaintiff, owning certain cattle that were subject to a mortgage, made an arrangement with the mortgagee whereby the same were sold at public auction. By the terms of the sale, six months' credit was given on approved paper on sales of over $10. The defendant bid off some cows and calves and went directly to the plaintiff to arrange the terms of payment, and the plaintiff sent him to the mortgagee telling him that any arrangement he could make with the mortgagee would be satisfactory, as the pay was going to him. The defendant went to the mortgagee, who was present at the sale, and he told the defendant if he would bring him a good note the following Tuesday or Wednesday, he might have the cattle. On the following Wednesday the defendant offered the mortgagee a good note for the cattle, and the mortgagee refused to take it; whereupon the defendant told him he would not take the cattle. The mortgagee then told the defendant to meet him at the plaintiff's house the next Saturday, and he would let him have the cattle upon some terms. Pursuant to this proposal, the defendant met the mortgagee at the plaintiff's house and made an arrangement whereby he took the cattle for the amount at which they were bid off and gave the mortgagee a lien note therefor. The plaintiff was present when this arrangement was made, and when it was completed, he and his son turned the cattle out of the barn and the defendant's man drove them away. The defendant did not have anything to do with the cattle, except to bid them

off, until he gave his lien note and they were driven away by his man. Nothing was said about keeping or feeding the cattle until an hour or more after they had been driven away. The plaintiff seeks to recover the expense incurred in keeping the cattle from the day of the auction until they were delivered to the defendant.

At the close of the evidence, the defendant moved for a verdict. The court overruled this motion, and instructed the jury that the only question for them to consider was how much it was worth to keep the cattle; to which ruling and instruction the defendant excepted.

In determining whether the court should have ordered a verdict for the defendant, it becomes important to inquire when the title to the cattle passed to the defendant. If the title did not pass until the lien note was given and the cattle delivered to the defendant, the plaintiff was the owner of the cattle and was keeping his own cattle from the day of the auction until the time they were delivered; and, in the absence of an express contract on the part of the defendant to pay for the keeping, the plaintiff could not recover. *Cole & Robinson* v. *Kerr & Norton*, 20 Vt. 21.

It is undoubtedly the rule in this state, as between vendor and vendee, where the sale of a chattel is a cash sale, that the delivery of the thing sold and the payment of the purchase money are concurrent acts; and the title does not pass until payment, or tender of payment is made. *Turner* v. *Moore et al.*, 58 Vt. 455; *State* v. *O'Neil*, 58 Vt. 140; *Miller* v. *Cushman*, 38 Vt. 593; *Towsley* v. *Dana*, 1 Aik. 344; *Riley* v. *Wheeler*, 42 Vt. 528.

When chattels are sold to be paid for in approved paper or good notes, and delivery and payment are to be simultaneous acts, the title remains in the vendor until delivery. *Lupin* v. *Marie*, 6 Wend. 77; 21 Am. Dec. 256; *Whitwell* v. *Vincent*, 4 Pick. 449; 16 Am. Dec. 355.

When by the terms of a contract for the sale of a chattel, payment is to be made in cash or approved paper, the delivery of the chattel and payment are concurrent acts; and, unless the vendor waives his right to payment before delivery, or there is an agreement to the contrary, the title does not pass until payment is made or tendered. As we construe the exceptions, no question was made in the court below but that payment and delivery of the cattle were to be concurrent acts. The plaintiff did not waive his right to insist on payment before delivery; and there was no agreement or circumstance attending the contract of sale that tended to show that the plaintiff intended to part with his property before payment was made by a good or approved note. The time of payment and delivery of the cattle was deferred by the agreement of the parties until the day the cattle were delivered. There was no express agreement that the defendant should pay for the keeping of the cattle, and, under the circumstances disclosed by the evidence, the law will not imply one. The giving of the lien note was pursuant to an agreement then made. Until this was done, the sale was not complete; and the plaintiff was the owner of the cattle, subject to the rights of the mortgagee. He was not entitled to the expense incurred in their keeping, and a verdict should have been ordered for the defendant.

*Judgment reversed and cause remanded.*