## DEAN v. McLEAN.

*Trespass on the Case.　Practice.　Evidence.* ·

Defendant contracted for the privilege of floating logs through plaintiff's mill-dam and flume at a stipulated price, and agreed to repair and pay all damage done. *Held,* that trespass on the case would lie for damage carelessly and negligently done thereby.

When only the *substance* of the charge is given in the exceptions, the Supreme Court will treat the exceptions as a memorandum of a charge that was full and particular in all needful detail of explanation and illustration.

One having experience in floating logs in a certain stream, may testify his opinion as to the proper manner of floating them through a dam and flume.

CASE for damage to plaintiff's mill-dam, flume, and bulkhead, occasioned by negligently and carelessly floating logs and timber through the same by defendant.　Plea, the general issue, and trial by jury, June Term, 1873, WHEELER, J., presiding.

The declaration set out a contract between plaintiff and defendant relative to the floating of said logs and timber, and the duty of defendant to use due care, skill, and prudence in opening, using, and occupying said bulkhead, and in floating and passing said logs and timber through the same, and alleged that defendant so negligently, carelessly, imprudently, and unskillfully opened said bulkhead, and so unskillfully, negligently, and carelessly managed said logs and timbers while so passing and floating through said bulkhead or raceway, that thereby and in consequence thereof, said bulkhead and mill-dam were greatly injured, damaged, and destroyed, and the plaintiff put to great expense, trouble, and loss in repairing the same.

Plaintiff introduced evidence tending to show, that in the spring of 1867 he was owner of a mill-dam across Battenkill River in

Manchester, with a flume and a bulkhead that held the water of the stream, and that the sides of the flume were kept apart at the top by a cap-piece that prevented the stones of the dam from crowding them together; that Rogers, Hollister & Co. had about 1600 logs in the stream above the dam, and that they agreed with him for leave to open the bulkhead and run the logs through the dam, to float them down the stream, for which they agreed to pay him two dollars for each hundred logs, and also to repair and pay all damages, and pay for all time over two days that his mill stood still in consequence of opening the bulkhead and running the logs through; that defendant bought the logs of Rogers, Hollister & Co., and agreed with plaintiff to perform their agreements with him about running the logs through the dam, and in his presence commenced to open the bulkhead by knocking off the cap-piece; that he told defendant the cap-piece ought not to be taken off, and that in his opinion the dam would be washed out if it was, but that defendant persisted in taking it off, saying he was good for the damage, and that defendant further opened the bulkhead in an imprudent and careless manner, and let the logs rush in without being guided properly after it was opened, and that thereby the flume was injured and the dam undermined and a part of it washed out.

Plaintiff was a witness, and testified to the manner in which defendant proceeded in opening the bulkhead and running logs through the dam, and that he was familiar with the running of logs in that stream. He was then asked what would have been a proper way to open the bulkhead and run the logs through. To this question the defendant objected. The court permitted the question to be answered; to which the defendant excepted. Plaintiff answered that in his judgment the proper way would have been to have left the cap-piece on, and to have guided every log through.

Defendant's evidence tended to show that plaintiff acquiesced in the taking off the cap, and that he managed with proper care and diligence in all that he did in opening the bulkhead and running the logs through; that the dam was to be left open by the defendant for one Hedges to run logs through, and that plaintiff did some tem-

porary repairing to it before it was washed out. Defendant's evidence tended to show that plaintiff did not use proper care in making these repairs.

The defendant requested the court to charge the jury as follows :

1. If the jury find, as testified by plaintiff and alleged in his declaration, that the plaintiff leased, granted, and sold to defendant the right to open and use the bulkhead in plaintiff's mill-dam for the purpose of floating and passing through said bulkhead defendant's timber and logs, under a contract that defendant should pay plaintiff two dollars per hundred logs, and pay all damages to said bulkhead and mill-dam, and that defendant took possession of plaintiff's mill-dam pursuant to that contract, and in good faith used it for the purposes contemplated by the contract, the plaintiff cannot recover in this action.

2. That damages, if any, happening by reason of defendant's want of skill and prudence in opening and using said bulkhead, are within the terms of the contract, and defendant cannot be made liable in tort for doing that which his contract authorized him to do, provided he acted in good faith, without malice or wantonness towards plaintiff.

3. That plaintiff's evidence does not tend to show malice or wanton conduct by defendant, or that plaintiff has suffered any damage not provided for by his contract with defendant.

4. If we are in error in the views suggested in the foregoing propositions, and the court decline to charge in accordance therewith, then we ask the court to instruct the jury, that the cause of action set forth is the neglect of defendant to "use due care, skill, and prudence in opening, using, and occupying said bulkhead, and in floating and passing through said logs and timber." To entitle plaintiff to recover, he must show affirmatively that defendant did not "use due care, skill, and prudence," &c.

5. That plaintiff cannot in this action recover for any neglect of the defendant to replace the plank and timbers torn out or removed by him, because the declaration contains no averment applicable to such neglect.

6. Nor can he recover in this action for defendant's want of care or skill in doing anything which plaintiff gave authority or consent that defendant might do ; as, if the jury find that plaintiff consented to the removal of the cap-piece, he cannot now complain nor recover because a careful, skillful man might not have removed it.

7. Plaintiff cannot recover for any damages happening through any contributory negligence of his. If the jury find that the loss

of plaintiff's mill-dam was the result in any degree of the want of ordinary care and prudence in replacing the bulkhead before the wall was repaired, or the want of ordinary care and prudence in any other respect, plaintiff cannot recover.

8. The plaintiff can in no event recover for any damages that did not proximately follow defendant's acts or omissions. Therefore if the jury fail to find that the loss of the dam was the natural and proximate consequence of defendant's negligent acts or omissions, without any negligent act or omission of plaintiff's contributing, plaintiff cannot recover for the loss of his dam.

The court charged the jury in substance as follows :

The plaintiff is not entitled in this action to recover the two cents per log for running them through, nor for the natural wear in using the bulkhead, nor on the agreement to pay all damages done, nor for not replacing the bulkhead. By the arrangement between the parties, defendant was to open the bulkhead through the dam, and run the logs through. Under this arrangement, he was bound to use ordinary care in opening the bulkhead and in running the logs through. Whatever defendant did with the approval of plaintiff fairly given, plaintiff is not entitled to complain of, and defendant is not liable for. If defendant, from the time he commenced to open the bulkhead to the time he finished running the logs through, did anything carelessly or improperly that plaintiff did not approve of, and the carelessness or imprudence injured plaintiff, plaintiff is entitled to a verdict in his favor. If the defendant did not do anything but what he did carefully and prudently, or if he did do something carelessly or imprudently, but the carelessness or imprudence did not injure plaintiff, defendant is entitled to a verdict. If defendant was guilty of any carelessness or imprudence that plaintiff is entitled to recover for, plaintiff is entitled to recover all the damages that the carelessness or imprudence caused, and that plaintiff's want of care did not contribute to. After defendant had done with the dam and flume, and left them, plaintiff was bound to use common care about using them, or permitting others to use them, and in taking care of them. If by defendant's negligence as explained, the planks or timber of the flume were torn off or injured more than the ordinary wear would have been, plaintiff is entitled to recover fair compensation for such injury. Or if in that way the dam was injured, plaintiff is entitled to recover fair compensation for that injury. If the injury was such that the dam afterwards went off in consequence of it, and plaintiff was not guilty of any negligence in the use he permitted Hedges to make of it, or

in the care he took of it, or in the repairs he undertook. to make on it, plaintiff is entitled to recover a fair compensation for that injury. If any negligence of plaintiff himself, or in the use by Hedges, contributed to the injury, when that negligence commenced so to contribute, defendant's liability stopped, and he would be liable for all damages his negligence had caused up to that time, and not for any after. Defendant is to be held liable only for what he did from the time he commenced to open the bulkhead to when he finished running through ; but the consequences of what he did then may not have manifested themselves till afterward, and if he was guilty of negligence during that time that caused damage afterwards, he is liable for that damage, unless plaintiff was guilty of some negligence that contributed to the damage.

The court did not comply with defendant's requests further than is stated. To the refusal to charge as requested, the defendant excepted. Verdict for plaintiff.

*Charles N. Davenport* and *J. K. Batchelder*, for defendant.

The action of trespass on the case cannot be maintained upon the facts, and the jury should have been so instructed. Defendant's right to run his logs through plaintiff's dam, and his obligation to pay the stipulated price for the privilege, and to repair and pay all damages, was wholly a matter of contract. Plaintiff cannot treat defendant as a tort feasor, so long as he in good faith acts under the contract, and does not willfully injure his property. The general rule is, that wherever the liability of the defendant grows out of a contract, the action must be in form *ex contractu,* and where it grows out of a tort or a wrong, unconnected with contract, the action should be in form *ex delicto.* 1 Chit. Pl. 110, and notes ; 155. There is a class of injuries to personal property which form an exception to the general rule, so that a party may have his election whether to sue in tort or contract. To this class belong actions against carriers or wharfingers, against agents and attorneys for neglect of duty, actions against a party professing skill in his trade or profession, and actions for false warranty. 1 Chit. Pl. 153 ; 1 Smith Lead. Cas. 240.

The court below tried this case under a misapprehension of the rights and liabilities of the parties. The cardinal error we have

already pointed out. That led to the error involved in that part of the charge where the court say, "Under this arrangement, defendant was bound to use ordinary care in opening the bulkhead and running the logs through." The use of ordinary care furnishes no test of liability in this case. Defendant was bound to "repair and pay all damages" that happened to plaintiff in consequence of opening the bulkhead. Had he exercised the most extraordinary care, and, in spite of it, plaintiff was damaged, defendant was liable, not in tort for his negligence, but by force of his contract.

Upon the theory that the court below adopted, defendant was entitled to the charge asked for in the fourth request. It adopts the idea of the pleader, quotes the material allegation of the declaration, and asks the court to instruct the jury, that in order for plaintiff to recover, he must show affirmatively that defendant did not "use due care, skill, and prudence," etc. Instead of complying with the request, and trying the case upon the theory of the declaration, the court told the jury in general terms, without restriction or limitation, and without vouchsafing any explanation of the sense in which the language was used, that if defendant "did anything carelessly or improperly that plaintiff did not approve of, and the carelessness or imprudence injured plaintiff, he is entitled to a verdict," etc. Such a charge could afford no aid to the jury. It will be observed that the charge is silent as to any duty of plaintiff to prove his case. As the court leave it, the jury might well assume that the burden of proof was upon defendant. Nor were the jury informed as to the meaning of the terms, "ordinary care," the measure for defendant, and "common care," the measure for plaintiff.

Upon the subject of damages, the charge was too loose and general. The court gave the jury no information as to how far they should go in their search after damages. The eighth request should have been complied with.

The court permitted plaintiff, against the objection of defendant, to give his opinion as to the proper way to open the bulkhead and run the logs through, and in this respect there was error. *Lester*

53

v. *Pittsford*, 7 Vt. 158 ; *Fraser* v. *Tupper*, 29 Vt. 409 ; *Oakes* v. *Weston*, 45 Vt. 430.

*Miner & Beebe*, for plaintiff.

Plaintiff is not precluded from recovering in an action on the case, by reason of defendant's agreement to pay all damages, &c. The law raised a legal obligation on the part of defendant to use ordinary care in the use of plaintiff's bulkhead and dam under the contract, and failing to do so, he rendered himself liable in tort for negligence. Where there is a special contract to do or not to do a particular thing, a party is not bound to resort to it, to recover damages for a breach, but may declare in tort, on the ground of neglect of duty. 1 Chit. Pl. 135 ; 1 Hilliard Torts, 25 ; *Kenlyside* v. *Thornton*, 2 Bl. 1111 ; 5 B. & C. 489 ; *Ward* v. *Wieman*, 17 Wend. 193 ; *Robinson* v. *Threadgill*, 13 Ired. 39 ; *Ashmore* v. *Pennsylvania*, 4 Dutcher, (N. J.) 180 ; *Marker* v. *Kenrick*, 13 C. B. 188 ; *Ashmead* v. *Kellogg*, 23 Conn. 70 ; *Conger* v. *Chicago, &c.* 15 Ill. 366 ; *Hamar* v. *Alexander*, 2 N. R. 241 ; *Wardell* v. *Fosdick*, 13 Johns. 325.

The opinion of the plaintiff on the proper manner of conducting logs through the raceway, was properly admitted. 1 Stark. Ev. 153 ; *McCreary* v. *Turk*, 29 Ala. 244 ; *Hill* v. *Sturgeon*, 28 Miss. 323 ; *Buffum* v. *Harris*, 5 R. I. 243 ; *Kearny* v. *Farwell*, 28 Conn. 317 ; *Fraser* v. *Tupper*, 42 Vt. 410 ; Hilliard Rem. for Torts, 422 ; *Cook* v. *Castner*, 9 Cush. 266 ; *Fulsom* v. *Concord*, 46 Vt. 140.

The charge of the court on the subject of damages was correct, and the 8th request should not have been complied with. *Park* v. *McDaniels*, 37 Vt. 594 ; *Fulsom* v. *Concord, supra ; Saxton* v. *Bacon*, 31 Vt. 540 ; Hilliard Rem. for Torts, 571 ; *Tarleton* v. *McGawley*, Peake, 205 ; *White* v. *Moseley*, 8 Pick. 356.

The opinion of the court was delivered by

BARRETT, J. The burden of the debate in this case is, whether this action on the cause *ex delicto* can be maintained upon the cause of action shown by the facts stated.

The defendant caused the damage through faulty negligence in

doing what he was entitled to do under his contract with the plaintiff, viz., to open the bulkhead and run the logs through the dam to float them down the stream. As a part of that contract he had expressly agreed to pay a stipulated sum for leave so to do, and also " to repair and pay all damage ˙in consequence of opening the bulkhead and running the logs through."

Does the contract preclude the plaintiff from maintaining this action ? It is shown by the books, and is conceded in the argument, that in some cases remedy may be had by action *ex contractu* or *ex delicto*, at the option of the plaintiff. In 1 Chit. Pl. 133, it is said that the torts for which an action on the case may be maintained, " are commonly the performance or omission of some act contrary to the general obligation of the law, or the particular rights or duties of the parties, or of some express or implied contract between them." On page 135 : " If a common-law duty result from the facts, the party may be sued in tort for any negligence or misfeasance in the execution of the contract." On page 140 : ." Where the lessee even covenants not to do waste, the lessor has his election to bring either an action on the case or on the covenant against the lessee for wilful waste done by him during the term." In *Kenlyside* v. *Thornton*, 2 Bl. 1111, DE GREY, Ch. J., says : " Tenant for years commits waste and delivers up the place wasted to the landlord. Had there been no deed of covenant, an action of waste, or of case in the nature of waste, would have lain. Because the landlord, by the special covenant acquires. a new remedy, does he therefore lose his old ? " 2 Saund. 252c note.

In the present case, it is very plain that if nothing had been said by the defendant by way of agreeing " to repair and pay all damage," it would have been his duty to exercise reasonable care and prudence in acting under the leave obtained of the plaintiff for the stipulated compensation. Such duty would have arisen upon the facts — a duty imposed by law ; and for the violation of, or failure to perform, that duty, the defendant would have been liable by action on the case to respond for such damage as the plaintiff should have suffered by reason of such failure or violation. The duty in that respect is not different by reason of the promise

to repair and pay all damage. It would be absurd to construe the transaction between the parties as giving the defendant the right to destroy the plaintiff's dam by the running of his logs through the bulkhead; absurd to infer that either party contemplated such a result from the running through of the logs; and absurd to hold that the agreement to repair and pay all damage in consequence thereof, was intended or thought of as covering such a consequence of the faulty negligence of the defendant in the manner of conducting the business. It is reasonable to suppose and to hold that that stipulation looked only to such natural and necessary damage as should result as a consequence of running through the logs in the exercise by the defendant of reasonable care, and by no means to the destruction of the dam in consequence of the culpable carelessness of the defendant.

In this view, no reason, either substantial or technical, can be assigned against the right of the plaintiff to assert his claim for damage caused by defendant's carelessness, in the present form of action. The terms, and the logical result of what has been cited and referred to, favor that right. The analogies of many decided cases favor it. For more than an hundred years it has been settled that assumpsit or case may be maintained against common carriers. By stating that the defendant carried for hire, it would appear that the defendant was a common carrier, and then the law would raise the promise from the nature of the contract; and so an action of *assumpsit* may be maintained, or the *gravamen* may be alleged as consisting in a breach of duty arising out of an employment for hire, and such breach of duty considered as a tortious negligence, and so an action on the case, *ex delicto*, may be maintained. Selw. N. P. 429. See *Bank of Orange* v. *Brown*, 3 Wend. 158.

In Addison on Torts it is said, "A tort may be dependent upon, or independent of, contract. If a contract imposes a legal duty upon a person, the neglect of that duty is a tort founded on contract, so that an action *ex contractu* for the breach of contract, or an action *ex delicto* for the breach of duty, may be brought, at the option of the plaintiff. When there is a violation of any legal right existing independent of any contract between the parties,

such as invasion of a right of property, or of the right of personal security, or an injury to character and reputation, then the tort is not founded on contract, and an action *ex delicto* is alone maintainable. Whenever an action of tort is founded on contract, an action is maintainable for nominal damages, although no actual damage can be proved; but the plaintiff must be a party to the contract; for no person can sue in respect of a tort founded on contract who was not a party or privy to, and could not have sued upon, the contract." We therefore hold that the declaration, and the evidence in behalf of the plaintiff, make a case in which the plaintiff would be entitled to recover. We make no suggestion of views, how the judgment in this case would affect the right to maintain another action for the liability of the defendant in other respects.

A moment's attention to the criticisms of the charge will show that they are not well founded. It is apparent that but a small part of what was said to the jury by way of charge is given. From our own experience and observation, we assume that what is given as the substance of the charge, is a memorandum, constituting the substratum of what was a full charge, developing that substratum into all needful detail of explanation, illustration, and application, having reference to the cause of action set forth in the declaration and shown by plaintiff's evidence. This answers the imputed fault, that " the court told the jury in general terms," &c , " without vouchsafing any explanation," &c., " that the charge is silent as to the duty of plaintiff to prove his case,"— " ordinary care " and " common care "—and as to the 8th request. It is reasonably to be supposed, unless the contrary appears, that the charge when fully reported, would show that it was made with reference to the declaration and the evidence. It is plain that what is stated as the " substance," is susceptible of being rendered into a just and legitimate charge in detail, and a full and proper answer to all the proper requests set forth in the bill of exceptions.

The objection to the evidence is fully answered by ROYCE, J., in *Clifford* v. *Richardson*, 18 Vt. 620, 626–7. The cases cited by defendant are not at variance with that case, nor with

the admission of the evidence in the case in hand. The running of the logs in that stream, and through that bulkhead, was not a matter of common knowledge, nor of adequate common judgment upon the facts shown by the other evidence. The experience and observation of the plaintiff gave him the grounds and faculty of an opinion peculiar to himself, and not common to men who had no such experience or observation. In a substantial sense he may be regarded as an *expert*, having peculiar knowledge and skill, which renders his opinion worthy of consideration as the ground of judgment and opinion in others who have not such knowledge and skill.

Judgment affirmed.