B. M. BAILEY v. ROBERT MOULTHROP.*

*Pleading.   Variance.   Negligence.*

1. The declaration alleged that the plaintiff's horse was placed in defendant's posses-
   sion, to be agisted for reasonable reward, and that the defendant so negligently
   kept the horse that by such negligence the horse was gored by a bull and killed.
   On trial the p'aintiff gave evidence, without objection, that the defendant agreed
   that he would not put the horse in the same pasture with the bull, but in another
   lot ; but, that he kept them together.   *Held,* that there was no variance between
   the proof and the declaration.
2. Distinction between an action counting on one's negligence, and one based on a
   breach of contract.
3. It seems that trover will not lie for not properly agisting a horse.

CASE for negligence while pasturing the plaintiff's horse.   Plea,
general issue.   Trial by jury, September Term, 1880, Ross, J.,
presiding.   Verdict for the plaintiff.

The plaintiff declared that :

"The said plaintiff at the special request of the said defendant deliv-
ered to the said defendant a gelding horse, the property of the plaintiffs
of great value, to wit : of the value of two hundred and twenty dollars,
to be by the said defendant kept and agisted for a certain reasonable re-
ward to be paid by the plaintiff to the said defendant in that behalf, and
the said defendant then and there had and received the said horse of the
plaintiff for the purpose aforesaid.   Yet the said defendant not regarding
his duty in that behalf, afterwards, to wit : on the day and year aforesaid,
at Rutland aforesaid, by himself and  servants in that behalf, conducted
himself so carelessly, negligently, and improperly, in and about the keep-
ing, care, and agisting of said horse, that by and through the mere neg-
ligence, and improper conduct of the said defendant and his servants in
that behalf, the said horse, belonging to the plaintiff, then and there be-
came and was greatly gored, lacerated, torn and wounded insomuch that
said horse afterwards, to wit : on the  day and year  aforesaid, died, and
was wholly lost to the said plaintiff."

The plaintiff offered  evidence tending to prove  that he made a
bargain with the defendant to pasture his horse  for a short time ;
that he, the plaintiff, knew  the defendant kept  a bull  in his pas-
ture, and that upon his objecting to have his horse run in the pas-
ture with the bull, it was agreed  between him and the defendant,
that he, the defendant, would not put  the horse in  the same pas-

* Heard January Term, 1881.

ture with the bull, but in another lot. The plaintiff in testifying gave the particulars of the time, places and details of the conversations in and by which defendant so agreed; how on the next morning, which was Saturday, the defendant put the horse in the same pasture with the bull, and on the following Sunday the horse was gored by the bull and killed.

The defendant offered evidence tending to show that there was nothing whatever said between him and the plaintiff as to the bull, but that the plaintiff knew that the bull was pastured in the lot in which it was agreed he was to keep the plaintiff's horse. This was denied by the plaintiff, and that the bull was a very docile animal and never known to hook horses or other animals, and that he, the defendant, allowed his own horses to run in the same lot with the bull, and they were in the said lot with the bull at the time the plaintiff's horse was killed. The defendant in his testimony admitted having had conversations with the plaintiff about pasturing the horse, as claimed by the plaintiff, but did not attempt to give any details of such conversations, but simply denied that anything was said about the bull in any of them.

The defendant requested the court to direct a verdict for him on the ground that there was a variance between the proof and the declaration, which the court refused. The court, among other things, charged the jury:

"If you find there was a special agreement between the plaintiff and the defendant, that the horse was not to be pastured in the same lot with the bull, the defendant would be then under a duty so to pasture the horse; that it would be negligence as to the plaintiff on the part of the defendant to allow the bull to run in the same pasture with the horse, and the plaintiff would be entitled to have defendant exercise the same care in this respect he agreed to, and to recover if the horse was killed through the defendant's failure to exercise this degree of care."

*W. C. Dunton* and *Edward Dana*, for defendant.

As the cause of action originated from the contract to agist, this contract must be proved as laid, whether the action is in form *ex-contractu* or *ex-delicto*. *Vail* v. *Strong*, 10 Vt. 457; *Wright* v. *Geer*, 6 Vt. 151; *Mann* v. *Birchard*, 40 Vt. 339.

There was a substantial variance from the contract as laid. The condition that the horse was not to be put into the same pasture with the bull, qualified the contract. *Bank* v. *Downer*, 27 Vt. 482; *Vail* v. *Strong*, 10 Vt. 457; *Wright* v. *Geer*, 6 Vt. 151; *Mann* v. *Birchard*, 40 Vt. 339; *Gowry* v. *Ward*, 25 Vt. 217; *Gotleib* v. *Leach*, 40 Vt. 278; *Rossiter* v. *Marsh*, 40 Conn. 196.

*Prout & Walker*, for plaintiff.

When a contract creates a duty, the neglect to perform that duty, as well as the negligent performance of it, is a ground of an action for tort. Hence it is at the election of the party injured to sue either on the contract or the tort. Wharton on Negligence, s. 435.

The essential point of plaintiff's cause of action is the want of care or negligence of defendant as bailee of the horse. Under such circumstances a defect of allegation is not a variance. The fact being in the case that the agistment undertaken was agreed to be apart from the bull, the defendant's failure to keep the animals separate was negligence. *Dean* v. *McLean*, 48 Vt. 412; *Taylor* v. *Day*, 16 Vt. 566; *Hutchinson* v. *Granger*, 13 Vt. 386; *Lewis* v. *Pratt*, 48 Vt. 358.

The opinion of the court was delivered by

REDFIELD, J. This is an action on the case, counting on the defendant's negligence. The plaintiff avers that he placed his horse in the defendant's keeping, to be by him agisted for reward, and by defendant's negligence the horse was gored by defendant's bull and killed. In the course of the testimony the plaintiff gave evidence that the bull was mentioned as being in one of the defendant's pastures, and likely to endanger the safety of the plaintiff's horse, and that defendant agreed to keep the horse in another pasture, where he would not be exposed to that danger. This testimony was admitted without objection. After the testimony was closed, the defendant moved the court to direct a verdict for the defendant for variance between the contract proved and the averments of the declaration.

The declaration alleges that plaintiff's horse was placed in defendant's possession, to be agisted for reasonable reward, and that defendant so negligently kept said horse that by such negligence the horse was gored and killed.

I. This is a sufficient averment to show the relation of the parties, from which arises a legal *duty* to take proper care of the horse.

It is not necessary in such case to set forth all the language, in detail in the declaration by which this *relation* between the parties is proved ; it is enough that the *relation* is averred, on which defendant's *duty* is founded. Nor is it necessary that all the facts alleged in the declaration are *proved*, if sufficient are proved to raise a *duty*, and a breach of it. *Hutchinson* v. *Granger*, 13 Vt. 86. There are certain cases arising from the sale of property with warranty ; in an action for the breach of it, with an alleged *scienter*, the plaintiff may recover either on the breach of the *contract*, or for the *decit*. But in such cases the recovery is not had for some wrongful act of the defendant after the contract, and for a breach of duty imposed by the contract, but for some fraudulent and wrongful act inducing the contract itself. In such case the contract, which is the gist of the action, must be proved, as laid in the declaration. The basis and distinctions in that class of cases is clearly stated by PHELPS, J., in *Vail* v. *Strong*, 10 Vt. 457. In the case of the loss of goods, by the negligence of a common carrier, if a suit is brought for a breach, alleging a contract to carry the goods and a loss of them by his negligence, or a non-delivery of the goods as required by the contract, the contract must be *proved* as laid in the declaration. But if the action is tort-wise, alleging the *duty* of the defendant to carry and deliver the goods ; and that, by his subsequent negligence, they were injured or lost, there is no duty of alleging or proving any contract ; for the action is wholly based on the negligent, fraudulent, or malicious act of the defendant in the discharge of a duty he owed to the plaintiff. And whether that duty arises from some deal, or contract between the parties, or is imposed by law, in an action counting strictly in tort, is not of importance.

But it is claimed that the agreement of the defendant to keep the horse in some pasture where he would not be endangered by defendant's bull, was made important by the charge of the court, and should have been alleged in the declaration. As has heretofore been stated, sufficient is averred to show a bailment of the horse for reward ; and as a matter of law a duty was imposed on the defendant to keep the horse with care and proper attention ; if it was proved that defendant's bull was accustomed to hook horses, or had manifested that propensity, it would be negligence in defendant to allow plaintiff's horse to be exposed to the risk of being gored by the bull. So, in this case, if the evidence disclosed that plaintiff *believed* and informed defendant that there was risk, which he was unwilling to take, in such exposure of the horse to that danger, and defendant agrees to so keep the horse as to avoid that danger, then it was greater negligence in defendant to expose the horse to that risk by which the horse was lost. *Dean* v. *McLean*, 48 Vt. 412.

II. The plaintiff claims that recovery may be had upon the count in *trover*. The act complained of in this case was a mere *non-feasance*. The horse was not appropriated to defendant's use, nor destroyed by his *positive act*, but perished by his neglect. In *Tinker* v. *Morrill*, 39 Vt. 477, KELLOGG, J., has carefully collated the authorities and defined the proper office and boundaries of the action of trover; and, it would seem that this case is not within its limits ; but, as we have disposed of the case on another point, that question is not important. Judgment is affirmed.