## E. L. & H. W. SMITH *v.* LUKE C. FISHER.

*Sale.  Delivery.  Acceptance.  Statute of Frauds.  Pleading. Harmless Error.*

1. Where logs in a third party's mill yard have been sold and delivered, there is an acceptance, when the vendee has taken the logs into his absolute control, directed as to their sawing, and drawn away the larger part of the boards made from them; but in this case, as there was no exception to the charge, and the only fact in dispute was as to an acceptance, the verdict in the plaintiff's favor implies the finding of an acceptance.

2. Where the memorandum of a contract is not sufficient to satisfy the Statute of Frauds, its admission as evidence becomes harmless error, when later evidence shows that the contract was modified, and the action was predicated upon the altered contract.

3. STATUTE OF FRAUDS. ASSUMPSIT. The Statute of Frauds is not a defence to an action of general assumpsit brought to recover the contract price exceeding $40, when the sale is complete, including delivery and acceptance.

4. *Gorham* v. *Fisher*, 30 Vt. 428, distinguished.

GENERAL ASSUMPSIT. Plea, the general issue. Trial by jury, September Term, 1885, Washington County, POWERS, J., presiding. Verdict for the plaintiffs.

The plaintiffs owned a quantity of logs in the mill yard of one L. T. Kinney, and had contracted with him to saw them. The defendant, having seen the logs and having had some talk about buying them, wrote the plaintiffs a letter accepting their offer, and agreeing to take the logs and give $15 per thousand. Soon after, the parties met and went to Kinney's mill-yard. Here and at this time the contract was altered, but the price per thousand remained the same. The defendant, under the modified contract, had the benefit of the plaintiffs' agreement with Kinney, was to pay for the logs on or before June 1st, and could reject one-fourth of the lumber cut from the logs. The plaintiffs exercised no further control over the logs. The defendant gave direction as to the sawing, and after the boards were sawed and stacked, he, without giving notice to the plaintiffs, began carring the boards. The defendant measured the boards as he carred them, reporting the same to the plaintiffs. After the larger part had been carred, the defendant refused to take any more of the lumber. The action was brought to recover for 6,000 or 7,000 feet left and $8.50, the balance of what was taken.

The evidence tended to show that this 6,000 or 7,000 feet of boards had not been sorted or measured, but were within the terms of the contract, and a part of the boards made from the same hard wood logs, claimed to have been sold to the defendant. The other facts are sufficiently stated in the opinion.

*John G. Wing*, for the defendant.

We have simply a verbal contract void by the Statute of Frauds. A part performance of such contract is not sufficient to remove the statute, and no action will lie upon it. *Hubbard* v. *Whitney*, 13 Vt. 21; *Davis* v. *Fair*, 26 Vt. 597; *Buck* v. *Pickwell*, 27 Vt. 167; *Bullard* v. *Bond*, 32 Vt. 359; *Hawley* v. *Moody*, 24 Vt. 603; *Ide* v. *Stanton*, 15 Vt. 690; *Dana* v. *Hancock*, 30 Vt. 616; Browne Fr. ss. 350, 358, 411, 420; *May* v. *Ward*, 134 Mass. 127; *Daggett* v. *Johnson*, 49 Vt. 345; *Montgomery* v. *Edwards*, 46 Vt. 151; *Swain* v.

*Seamens*, 9 Wall. 254; 7 Wait Act. & Def. p. 36, s. 7; Wood Fr. p. 736. There was no delivery of the 6,000 or 7,000 feet remaining in the mill-yard. This lumber had not been measured. *Dunlop* v. *Perry*, 5 Ill. 327; *Cleaveland* v. *Williams*, 29 Tex. 204; 7 N. Y. 357; 6 Watts, 29; 21 Iowa, 508; *Ropes* v. *Lahe*, 9 Allen, 502; *Gibbs* v. *Benjamin*, 45 Vt. 124; Wood Fr. 640; *Baldey* v. *Parker*, 2 B & C. 37; 2 Benj. Sales, s. 1117.

*J. P. Lamson*, for the plaintiffs.

The Statute of Frauds does not apply, and is waived unless pleaded. *Howe* v. *Chesley*, 56 Vt. 727. The sale in every particular was completed; the defendant had accepted the logs, and the plaintiffs had nothing more to do with them. *Chamberlain* v. *Farr*, 23 Vt. 265; *Evarts* v. *Butler*, Brayt. 219; *Carpenter* v. *Dale*, 13 Vt. 578; *Danforth & Co.* v. *Walker*, 40 Vt. 257; *Spencer* v. *Hale*, 30 Vt. 428; *Hunt* v. *Thurman*, 15 Vt. 336; *Fitch* v. *Buck*, 38 Vt. 683.

The opinion of the court was delivered by

VEAZEY, J. The action is general assumpsit for a quantity of logs sold and delivered to the defendant. The plaintiffs stand upon an alleged sale completed in all respects, with nothing remaining to be done except payment. The objection to the form of action is therefore without avail. The defence more particularly relied upon is the Statute of Frauds. The contract price was above $40, and nothing *in earnest* or part payment was given. A letter written by the defendant in answer to and acceptance of a verbal proposal of sale of the logs by the plaintiffs was put in evidence; but that is not relied upon by the plaintiffs to take the case from the operation of the statute. There is some doubt whether it constituted a sufficient memorandum for that purpose, even if the contract had not been subsequently altered. It was the only memorandum ever made, and after that the parties modified the contract as therein expressed, but not as to the price per thousand feet. This

action is, as any action must be, predicated upon the altered contract. *Dana & Henry* v. *Hancock*, 30 Vt. 616. When the letter was put in evidence the fact of subsequent alteration had not appeared. If the court was in error in admitting the letter as a sufficient memorandum to satisfy the Statute of Frauds, it became harmless error under the changed aspect of the case when the evidence of the alteration came in. We understand the exception to the admission of the letter was that it was not a sufficient memorandum of the contract to meet the requirements of the statute. It was admissible in connection with the plaintiffs' testimony as tending to show the price.

The ground of the plaintiffs' contention is that the Statute of Frauds is not a defence, because the case shows a complete sale, including delivery and acceptance. In this we think they are right. The exceptions state there was no dispute between the parties as to the terms of the contract. It was a sale of all the plaintiffs' logs in the mill-yard of a third person. The parties saw the logs there, and the defendant agreed to take them at $15 per thousand, with the right to throw out one-fourth part of the lumber cut from them, as he might select. The defendant was to pay for the sawing, and directed as to it. The plaintiffs had no duty in respect to the sawing. The logs were all sawed and the defendant took away the boards, throwing out as he saw fit, until he had taken all but six or seven thousand feet, and measured them as he took them, and all without notice to the plaintiffs or participation on their part. The case further states that the court submitted the case to the jury under a charge not excepted to. If there was an acceptance of the logs at the time of the contract the defendant had no defence. It would seem so far as appears that the question of acceptance was the only fact in dispute. The evidence plainly tended to show an acceptance. The verdict therefore necessarily implies the finding of an acceptance. As the evidence tended to show an acceptance the court was clearly right in refusing to direct a verdict for the defendant.

But if this case stood upon a report of an auditor wherein all the facts were found which the evidence tended to show, but without an express finding of an acceptance, we think such facts would warrant a judgment for the plaintiffs. The case is distinguishable from that of *Gorham* v. *Fisher & Roberts*, 30 Vt. 428, which came up on an auditor's report, for the reason that this bill of exceptions, as we interpret it, shows a sale of logs as *logs*, not as *boards*, as the court construed the report in the case last cited. The essential difference is that in the case at bar the defendant took the logs into absolute control, to work up as he saw fit, without any duty whatever on the part of the plaintiffs. In the case *supra* the court construed the report as showing a sale of lumber to be made of a certain lot of logs, subject to delivery and acceptance when the logs should be sawed into boards *by the plaintiff*.

Judgment affirmed.