## C. H. Eddy & Company *v.* C. C. Field.

October Term, 1911.

Present:  Rowell, C. J., Munson, Watson, Haselton, and Powers, JJ.

Opinion filed October 16, 1911.

*Exception to Judgment—Questions Reserved—Trover—Acts Constituting "Conversion."*

Any error necessarily involved in the rendition of a judgment is reached by an exception thereto.

In an action of trover, where the referee's report disclosed nothing tending to show a conversion, it was error to render judgment thereon against defendant, and that error is reached by his exception to the rendition of the judgment.

In the sense of the law of trover, a "conversion" consists either in the appropriation of the property to the party's own use and benefit, or in its destruction, or in exercising dominion over it in defiance of the owner's rights, or in withholding possession from him under a claim of title inconsistent with his title.

There was no conversion where it appeared only that defendant purchased soda in bottles from plaintiff, under an agreement that the bottles should remain the property of plaintiff, and defendant should return them at his own expense, and that he delivered them to a carrier's agent consigned to plaintiff, and they were loaded and waybilled.

Trover for bottles.  Plea, the general issue.  Heard on the pleadings and the report of a referee at the March Term, 1911, Windham County, *Waterman* J., presiding.  Judgment for the plaintiff, to which the defendant excepted.  The opinion states the case.

*F. W. Tuttle* for the defendant.

*Chase & Daley* for the plaintiff.

Rowell, C. J.  This is trover for two thousand and more soda bottles.  The case was referred.  Judgment for the plaintiffs on the report, to which the defendant excepted.  The facts are these, shortly stated:  The plaintiffs are bottlers of soda

in Brattleboro, and shippers thereof for consumption to various points and places; the defendant is a merchant at Ferrisburg and North Ferrisburg, to whom the plaintiffs sold and shipped, during such a time, thousands of bottles of their product, the terms of the sales being that the bottles should be and remain the property of the plaintiffs and be returned to them by the defendant, they paying the freight each way. The plaintiffs kept an account with the defendant for the soda, and a memoranda account for the bottles in which it was shipped, wherein, on receipt of the empty bottles returned, they were to give the defendant credit therefor. At the time this suit was brought, the plaintiffs had not actually received the bottles sued for, but the defendant had delivered them to the station agents at Ferrisburg and North Ferrisburg, consigned to the plaintiffs at Brattleboro, and they were loaded and waybilled. The referee submits whether on the facts found the bottles were delivered to the plaintiffs before suit brought. If they were, he finds for the defendant. The court evidently thought they were not, and so adjudged for the plaintiffs. This was error, for the report discloses nothing tending to show conversion, and that defect is reached by the exception to the rendition of the judgment, as it was necessarily involved in its rendition.

It is sufficiently accurate and comprehensive for present purposes to say, as is said in the Vermont Digest, c. 2768, pl. 12, that in the sense of the law of trover, a conversion consists either in the appropriation of the property to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it in exclusion or defiance of the owner's right, or in withholding possession from the owner under a claim of title inconsistent with his title. Here the defendant did none of these things.

*Judgment reversed, and judgment for the defendant to recover his cost.*