MANLEY BROTHERS *v.* BOSTON & MAINE RAILROAD AND CRYSTAL SPRINGS ICE COMPANY.

Special Term at Brattleboro, February, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed May 6, 1916.

*Depositions—Identification of Exhibits—Evidence—Similar Transactions—Shipping Clerk—Harmless Error—Facts Already Established—Trover Against Carrier for Loss of Goods—Requisites—"Conversion"—Acts Constituting—Remand for Amendment—Motions—"Against the Evidence"—"Against the Weight of Evidence"—Verdict in Tort—Silence as to One Party.*

Exhibits marked, respectively, "Exhibit No. 1" and "Exhibit No. 2", followed by the initials in his own handwriting of the magistrate before whom depositions were taken, are sufficiently identified as the papers shown to deponents and referred to in the depositions.

In an action against a carrier for loss of goods, the consignor's packer was properly allowed to testify as to packing the goods, not from recollection of the matters to which he testified, but relying wholly on a packing slip shown him, the usual course of business, and the fact that he had packed all such goods shipped by the consignor for three years, including the time of shipment.

Any error in the admission of testimony of a fact sufficiently shown otherwise, and not denied, is harmless.

A conversion consists in appropriating another's property to one's own use, or in destroying it, or in exercising dominion over it in exclusion or defiance of that other's rights, and so to maintain an action of trover something must be shown equivalent to an affirmative act by defendant, and more than a mere nonfeasance.

When a common carrier receives property for transportation, its mere nonfeasance, as the loss of the property through its negligence, or its failure to transport or deliver within a reasonable time, does not render it liable in trover.

Mere notice to a common carrier by the consignee of a shipment of a shortage therein, and a claim for damages on account of that

shortage, does not amount to a formal demand for the missing property.

Where it appears on review that plaintiff has misconceived the form of his action, the case is within the Practice Act, and will be remanded to allow plaintiff to apply for leave to amend.

A motion to set aside a verdict as "against the evidence" and "against the weight of evidence", identical expressions, is addressed to the discretion of the trial court, and its action thereon will not be reviewed unless that discretion is shown to have been abused.

In an action of tort against two, a verdict against only one is, in legal effect, a verdict in favor of the other.

TROVER for the loss of a part of a shipment of goods. Plea, the general issue. Trial by jury at the September Term, 1914, Windham County, *Waterman, J.*, presiding. Verdict for the plaintiff. The defendant excepted. Neither exhibit referred to in the opinion was attached to either deposition.

*E. W. Gibson, W. D. Smith* and *Barber & Barber* for the defendants.

*A. V. D. Piper* for the plaintiff.

POWERS, J. This is an action of trover to recover the value of certain property shipped from Detroit to the plaintiffs at Brattleboro.

The evidence tended to show that the plaintiffs ordered of the Ford Motor Co. of Detroit a bill of goods which included six automobile radiators. That when the shipment arrived at Brattleboro over the defendant railroad's line, and was checked up with the packing slip which came with it, it was short the six radiators covered by the order,—all the other goods shown by the packing slip and included in the order being received. The original bill of lading, dated June 21, 1912, was produced at the trial and showed the receipt by the initial carrier of three boxes of auto engine parts weighing 275 pounds, consigned by the Ford Motor Co. to the plaintiffs. The way-bill was also in evidence; it covered three boxes of auto engine parts, weighing 275 pounds, and bore upon its face evidence that all three of these boxes arrived at Brattleboro.

The evidence in behalf of the railroad company tended strongly to show that the three boxes were delivered to one Goddard, who was a dray-man employed by the Crystal Springs Ice Company. This company did the plaintiffs' trucking and was authorized to receive and receipt for their freight. The plaintiffs' evidence tended to show that they only received two of the boxes and that the third box never came into their possession. The evidence in behalf of the Ice Company tended to show that it delivered to the plaintiffs all the freight it received from the Railroad Company, and if it received the three boxes it delivered them. The case was somewhat unusual in that the plaintiffs did not claim a recovery against both defendants, but insisted that one or the other was liable. For the purpose of showing a delivery of these radiators to the initial carrier at Detroit, and their subsequent receipt by the defendant railroad company in the course of the transit, the plaintiffs offered the depositions of James Johnson and George Grimes, and these were admitted subject to exception.

Johnson testified that he packed the six radiators specified in the packing slip in a box, and delivered the slip "to the desk," according to custom.

Grimes was a shipping clerk. He testified that he delivered the goods covered by the bill of lading to the Lake Shore Railroad, the initial carrier.

It is urged in support of the exception to these depositions, that there is nothing to indentify the papers shown to the deponents as the same papers used as exhibits in the trial. But the packing slip shown to Johnson and the bill of lading shown to Grimes, which were used as exhibits below and so marked by the reporter, bear evidence on their faces that they are the papers used by the deponents. They are marked "Ex. No. 1. F. C. D." and "Exhibit No. 2, F. C. D.," respectively. These letters are the initials of the name of the magistrate before whom the depositions were taken,—F. C. Dewey. And a comparison with his signature indicates that they were endorsed on the papers by his own hand. The identification might properly have been made stronger, but it was sufficient to warrant the admission of the depositions.

It appeared from the cross-examination that these deponents had no recollection of the matters testified to, but gave their evidence relying wholly upon what appeared upon

the papers shown them and the usual course of business in that establishment.

The only importance there is to Johnson's testimony is found in the statement that he packed the six radiators in a box. That radiators were always so packed, and that he had packed every radiator shipped out by the Ford Company during the three years preceding the date of his deposition,—never missing a day—afforded sufficient basis for his testimony.

Grimes only testified that he delivered the three boxes mentioned in the bill of lading to the railroad company. This was sufficiently shown by the bill of lading itself, and is not denied. So if any error was committed in receiving his deposition, it was entirely harmless.

But in order to charge one in an action of trover, something more than a mere non-feasance must be shown. *Farrar* v. *Rollins*, 37 Vt. 295; *Bailey* v. *Moulthrop*, 55 Vt. 13; *Andrew* v. *Carl*, 77 Vt. 172, 59 Atl. 167. A conversion consists in appropriating another's property to one's own use, or its destruction, or in exercising dominion over it in exclusion or defiance of that other's rights, or in withholding the possession from him under a claim inconsistent with his rights. *Tinker* v. *Morrill*, 39 Vt. 477, 94 Am. Dec. 345; *Eddy* v. *Field*, 85 Vt. 188, 81 Atl. 249. Something equivalent to an affirmative act by the person charged is necessary. *Bolling* v. *Kirby*, 90 Ala. 215, 24 Am. St. Rep. 789, 7 South 914; *Eddy* v. *Field, supra.* So when a common carrier receives property for transportation, his mere non-feasance,—as the loss of the property through his negligence, or his failure to transport or deliver within a reasonable time,—does not render him liable in an action of trover. *Packard* v. *Getman*, 4 Wend. 613, 21 Am. Dec. 166; *Hawkins* v. *Hoffman*, 6 Hill 586, 41 Am. Dec. 767; *Magnin* v. *Dinsmore*, 70 N. Y. 410, 26 Am. Rep. 608; *Robinson* v. *Austin*, 2 Gray 564; *Bowlin* v. *Nye*, 10 Cush. 416; *Vandalia R. Co.* v. *Upson Nat. Co.*, (Ind.) 101 N. E. 114, 388. The evidence below did not tend to show anything more than a non-feasance on the part of this defendant railroad company. At best it only showed the receipt of the property and its non-delivery. It did not show a delivery to the wrong party, for the Ice Company, the only party to whom the evidence tended to show a delivery, was duly authorized to act in this behalf for the plaintiffs. Apparently, the goods were lost or stolen,—in which case trover

does not lie. *Bowlin* v. *Nye, supra*. The plaintiff relied below upon a demand and refusal as evidence of a conversion. But there was no evidence of a demand. It appeared that the plaintiffs gave the railroad company notice of the shortage, and made claim for damages on account thereof, but they did not make formal demand for the property.

Whether the plaintiffs would have stood any better if they had shown a demand is a question we have no occasion to pass upon. No recovery, then, could be had under the declaration as drawn, and it was error to overrule the defendant's motion for a verdict.

It does not follow, however, that the plaintiffs are without remedy; the case comes within the Practice Act and will be remanded to enable them to apply for leave to amend if they desire.

The railroad company filed a motion to set aside the verdict on the ground that it was "against the evidence" and "the weight of evidence,"—two expressions meaning the same thing. *Lincoln* v. *C. V. Ry. Co.*, 82 Vt. 187, 72 Atl. 821, 137 Am. St. Rep. 998. But this motion was addressed to the discretion of the trial court, which we cannot say was here withheld or abused. *Lincoln* v. *C. V. Ry. Co., supra*.

Therefore, as against this objection the verdict must stand.

This motion was also predicated upon the fact that the jury returned a verdict against the railroad company, alone; and rendered no verdict for or against the other defendant. This verdict was incomplete, but it was accepted by the court and no objection was made by any one. If objection had been made, the irregularity would have been corrected, no doubt, as was done in *Schmidt* v. *Chicago City Ry. Co.*, (Ill.) 88 N. E. 275. The case was one in which a verdict could properly be returned against either of the defendants or in favor of either; it was in legal effect a verdict in favor of the Ice Company. *Gulf, etc., Ry. Co.* v. *James,* 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743; *Cox* v. *Ellsworth,* (Neb.) 150 N. W. 197; *Chesapeake & O. Ry. Co.* v. *Booth,* 149 Ky. 245, 148 S. W. 61.

*Judgment reversed and cause remanded. If the plaintiffs do not apply for leave to amend their declaration so as to conform to the views herein expressed, let judgment be entered for the defendant.*