BURLINGTON GROCERY CO. *v.* M. & F. C. DORN.

February Term, 1923.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed March, 3, 1923.

*Instructions—Harmless Error.*

1.   In an action brought to recover the purchase price of goods sold and delivered, and not for damages for a breach of the contract of purchase, the charge of the court that the invoice and certain letters amounted to a sufficient memorandum to satisfy the Statute of Frauds, to which defendants excepted, if error, was harmless, where the court also charged the jury that the plaintiff could not recover unless it proved a delivery and acceptance of such goods, which facts the jury must have found by their verdict, such facts being sufficient, though the contract had rested entirely in parol, to take it out of the statute.

NOTE:—When this case was originally argued, it was assigned to Mr. Justice MILES. Upon his retirement the case, being ordered for reargument, was assigned to Mr. Justice POWERS.

2.  In an action to recover the purchase price of goods sold and delivered, where the defendants admitted the contract, the admission of certain evidence over defendants' objection that the contract could not be proved in that way, if error, was harmless.

ACTION OF CONTRACT. Plea, the general issue. Trial by jury at the September Term, 1921, Chittenden County, *Wilson,* J., presiding. Verdict and judgment for the plaintiff. The defendants excepted. The opinion states the case. *Affirmed.*

*V. A. Bullard, M. G. Leary,* and *C. P. Cowles* for the defendants.

*Warren R. Austin* for the plaintiff.

POWERS, J.   On May 15, 1920, by an oral contract, the defendants bought of the plaintiff 15 barrels of syrup to be delivered on June 15, following. Delivery was postponed from time to time at the defendants' request, and on July 2, the plaintiff mailed to the defendants an invoice of which the following is the part here material: "Burlington Grocery Company * * * sold to M. & F. C. Dorn, 15 bbl. Monadock Fancy Syrup—768½ —1.85—1421.73." There was evidence, received without objection, that the figures 768½ represented the number of gallons in the 15 barrels, that 1.85 represented the price per gallon in dollars, and that 1421.73, was the total price of the syrup in dollars.

Thus interpreted, the invoice, so far as it went, correctly stated the terms of the sale. Upon receipt of this invoice, the defendants telephoned the plaintiff that they could not use the syrup in their business and did not want it, and on July 7, they returned the invoice to the plaintiff in a letter confirming the telephone conversation and directing that the order be cancelled. On July 9, the plaintiff again sent the invoice to the defendants with a letter refusing to cancel the order. The defendants immediately returned the invoice to the plaintiff, and wrote it to refer to their former letter and to cancel the order. The next day, the plaintiff sent the invoice to the defendants with a letter declining to cancel the order and demanding payment. A few days later, the defendants again returned the invoice in a letter

referring to their letter of July 7, and as if to prevent further exchanges of the invoice, pasted it firmly to their letter. Then this suit was brought.

[1]    The court charged the jury that the invoice and letters amounted to a sufficient memorandum of the bargain to satisfy the Statute of Frauds, G. L. 1877. To this the defendants excepted. It is very doubtful if the exception saved was sufficiently specific to avail the defendants, but we need take no time with it, for if the instruction was erroneous it did no harm. The action being brought for the recovery of the purchase price of goods sold and delivered, and not for damages for a breach of the contract of purchase, the court, in effect, charged the jury that the plaintiff could not recover unless it had proved a delivery and acceptance of the syrup. The charge explained how this could be done without an actual transfer of the custody of the syrup, and how the plaintiff's evidence bore upon that question. All this went unchallenged by exception. So it must be taken that the law of that subject was correctly and adequately stated. The verdict being for the plaintiff, the jury must have found— as the evidence tended to show—that the defendants received and accepted the goods as set apart and stored for them in the plaintiff's warehouse at their request. The sufficiency of the memorandum, then, was wholly unimportant. The contract, though it had rested entirely in parol, would have been taken out of the statute by the receipt and acceptance of the goods. *Green* v. *Merriam*, 28 Vt. 801; *Smith* v. *Fisher*, 59 Vt. 53, 7 Atl. 816. See, also, *Griswold Pearl & Co.* v. *Scott*, 66 Vt. 550, 29 Atl. 1013.

[2]    The defendants also excepted to the admission of the plaintiff's letter of July 9, and to certain testimony given by the witness Blodgett—all on the ground that the contract could not be proved in this way. But here, again, no harm could have resulted to the defendants. They did not deny the contract. On the contrary, they admitted it. So prejudice is not shown, even if error is. *Manley* v. *Boston & Maine R.*, 90 Vt. 218, 97 Atl. 674; *Wellman* v. *Mead*, 93 Vt. 322, 107 Atl. 396; *First National Bank* v. *Bertoli*, 88 Vt. 421, 92 Atl. 970; *Coolidge* v. *Taylor*, 85 Vt. 39, 80 Atl. 1038.

Other exceptions saved are not briefed.

*Judgment affirmed.*