Abbott *v.* Kimball.

## DANIEL S. ABBOTT *v.* SAMUEL S. KIMBALL.

*Sale of attached property upon mesne process. Notices. Interest of witness. Bond of indemnity to officer.*

When application has been made to an attaching officer, under the provisions of of chap. 28, sec. 48, of the Revised Statutes, to sell property which has been attached upon *mesne* process, and the officer gives to the owner of the property the notice, required by the statute, that such application has been made, and of the time and place of his proceeding to cause the property to be appraised, it is not necessary, in order to authorize him to proceed to sell the property, that he should also notify the owner of the property, that the property has been appraised, and at what amount.

Where an attachment had been dissolved by a judgment in favor of the defendant in the suit in which the attachment was made, and the defendant then brought trover against the officer for the property attached,—which had been sold upon the *mesne* process, under the provisions of the statute,—it was held, that the original attaching creditor was a competent witness for the officer upon the trial of the action of trover, notwithstanding it appeared he had executed to the officer a bond, conditioned to indemnify him from all costs, losses and damages, which the officer might sustain in consequence of selling the attached property upon the writ.

* See *Sisco* v. *Parkhurst, ante,* page 537.

Abbott *v.* Kimball.

An officer has no right to claim a general indemnity against loss, as extending to the extra expense of a mere groundless prosecution; and if the object of a bond be to indemnify an officer against loss in consequence of his own neglects, it is void.

TROVER for four horses. Plea, the general issue, and trial by jury, June Term, 1851,—BENNETT, J., presiding.

On trial it appeared, that on the twenty eighth of November, 1842, the defendant, as deputy sheriff, attached the horses in question on a writ in favor of Strong & Jewett against the plaintiff, returnable at a future day, and that the writ was duly returned, and that proceedings were regularly continued in the suit until the December Term, 1843, of Orleans county court, when the attachment was dissolved by a final judgment in favor of the defendant in that action. It farther appeared, that after the attachment and before the judgment in favor of Abbott, and while the suit was pending, the horses were sold upon the *mesne* process, under the provisions of chapter twenty eight of the Revised Statutes, for the reason that the expense of keeping them would exceed their value. The defendant gave evidence tending to prove, that he had been requested, by the attaching creditors, to proceed and have the property appraised and sold under the statute above mentioned, and that he gave notice to the plaintiff in this suit, that such application had been made to him by the attaching creditors and that he should proceed the next morning to have the horses appraised, at the house of one Pierce, who had them in keeping, and should proceed to dispose of them under the statute. The horses were subsequently appraised and sold on the writ, but the plaintiff was not present at the time of the appraisal, or sale.

Samuel Jewett was offered as a witness on the part of the defendant, and was objected to by the plaintiff, on the ground that he was interested in the result of the suit; and it appeared, that the firm of Strong & Jewett, the plaintiffs in the original suit, of which firm the witness was a member, had executed to the defendant a bond, previous to the sale of the horses upon the writ, with a condition annexed, that if the obligors should save the defendant harmless from all costs, losses and damages, which he should sustain in consequence of his selling these horses under the statute, upon the writ in their favor against Abbott, then the obligation should be void. The

court decided, that Jewett was a competent witness, and he was admitted to testify.

The plaintiff claimed, that the court should charge the jury, that it was the duty of the defendant to give the plaintiff notice of the appraisal having been made in point of fact, and of the sum for which the property was appraised, before he could legally proceed to sell it. But the court charged the jury, that if they found, that the notice was given, which the testimony tended to prove, it was sufficient, as a notice, and that, if the plaintiff wished to have the horses delivered to him, it became his duty to see to it, and claim the benefit of that provision. Testimony was given, tending to prove, that the statute had been complied with in all other respects; upon the sufficiency of which no question was raised.

Verdict for defendant. Exceptions by plaintiff.

*J. Cooper* for plaintiff.

An inspection of the bond of the witness, Jewett, as a partner with Strong, shows clearly, that the design of the parties was to indemnify the defendant not only against this, but against other suits of a like nature. If an officer may protect himself against a loss from a groundless suit, certainly this bond binds the obligors to pay the defendant his trouble and expenses in this suit, and from thence Jewett had an interest. Sw. Dig. 742. 1 H. Bl. 303. Kimball might not have had a right to demand of Strong & Jewett a bond, and to refuse to proceed without it; yet if he required a bond, and they gave it, they became interested in the event of the suit growing out of the transaction, against which the bond indemnifies.

It would seem, that the defendant, in a suit, ought to have notice of the appraisal of his property, which has been attached. How shall he obtain it? The statute does not direct the officer to give the notice, in terms;—neither is the officer required, in terms, to inform the defendant of the amount of the appraisal, even if called upon so to do. We think it but reasonable, that the officer be required to notify the defendant of the amount of the appraisal.

*C. W. Prentiss* for defendant.

If the defendant in the suit, where the property is attached, have notice of the time and place of the appraisal, it is all the statute re-

quires; and this being a matter of proceeding regulated by statute, the officer does his whole duty, if he complies with the statute. It is the business of the defendant to attend upon the appraisal, if he wish to attend to his interests, and so ascertain the amount of the appraisal; but if he think proper to neglect his own interests, and not attend to the means he has, and which the other party has furnished him, of protecting his interests, it is the fault of no one but himself, and should not be visited upon the other party, and much less upon the officer.

Jewett was rightly admitted as a witness; for the indemnity to the officer was merely for legal acts, and was substantially for the common purpose of such instruments, given to an officer,—that he might be saved harmless for taking the property, as Abbott's, and disposing of it. If it had provided against illegal and tortious acts, the indemnity would have been good for nothing; for a public officer cannot be suffered to rely upon any such indemnity.

The opinion of the court was delivered by

REDFIELD, J. In this case we do not think the statute contemplates successive notices in the course of the several stages of the disposition of perishable property, under the statute. It is certain, no such notice is provided for in the statute. And if it were required, we do not see, why it should not have been provided for, as well as the first notice, which is required, in terms.

In regard to the interest of Jewett, we do not feel very well satisfied, against what particular loss, or damage, the bond was intended to indemnify the defendant. It being altogether general, we are bound to apply it to some subject matter, which will render it legal, rather than the contrary, *ut res magis valeat quam pereat.* Its terms are broad enough to extend to a claim of some third person to the property, or it might have been supposed by the parties, that if the original plaintiffs failed in this suit, the officer would be liable to restore the property, or pay its value, and the bond was taken to indemnify against one of these contingencies; and if so, it has no application to the present suit.

If it were taken to indemnify the defendant against his own neglects, it would be clearly void, and in that view of the case the witness would clearly not be liable to the defendant, if the suit went

XXIII. 69

against him on that ground; and if he had any interest, it would be to have the suit go against the defendant upon that ground. And we do not see, why a sheriff should be allowed to claim a general indemnity against loss, as extending to the extra expense of a mere groundless prosecution. So not being able to see, how this bond can be treated as an indemnification against loss in this particular suit, brought by the debtor, we cannot say, that he was interested. Not being able to see clearly, that any suit upon the bond could grow out of this suit, against the witness, whatever way it was determined, which leaves it at most doubtful how far he had any interest in the suit, we do not see upon what ground he could be rejected.

Judgment affirmed.