Walker *v.* Wilmarth.

---

GEORGE B. WALKER *v.* P. M. WILMARTH.

*Sheriff's Sale. Damages.*

The plaintiff's property was attached and, at the request of the attaching creditor, sold under the provisions of § 41, ch. 33, G. S., but the officer did not give the plaintiff *written* notice of the application. *Held,* that the sale was illegal although the plaintiff had *verbal* notice and was present at the appraisal and sale, and did not object.

Where an officer attaches and holds property lawfully, but sells it illegally, it having deteriorated without his fault, in an action on the case he is liable only for its value at the time of the sale.

ACTION ON THE CASE. Plea, the general issue, with a notice. Trial by Jury at the June Term, 1864, POLAND, Ch. J., presiding.

It appeared that on the 24th day of November, 1859, the defendant, then constable of the town of Lyndon, served a writ in favor of one Whipple, by attaching and taking into his possession the plaintiff's horses and other personal property.

Walker *v.* Wilmarth.

It was conceded that at the December Term, 1862, Whipple was non-suited; that upon the application of the plaintiff in that suit, the property attached on the writ was sold at public auction by the defendant on the 19th day of December, 1859 ; that no written notice was ever given by the defendant to the plaintiff of the application to have the property appraised and sold, in any form, but the plaintiff admitted that he did receive a verbal notice of the application from the defendant.

The defendant gave evidence tending to prove that the plaintiff was present at the time said property was appraised, and did not object that he had not received proper notice. The plaintiff denied that he was present at the appraisal, and gave evidence tending to prove that he was not, but conceded that he was present at the time the property was sold by the defendant.

The mare attached was taken by the defendant to the barn of one Estabrooks to be kept, and in a day or two and before the appraisal, she injured herself so that she died, very soon after the sale. She was sold for twenty-six cents which was all she was worth at that time. It was not claimed that the defendant or Estabrooks who had the care of the mare, were in any way in fault for the injury to the mare, nor was it claimed but that all proper means were taken to cure the injury.

The plaintiff claimed that he was entitled to recover the value of the mare when attached, but the court held and so instructed the jury that upon these facts the plaintiff could only recover so much as the mare sold for,—to which ruling the plaintiff excepted.

The court further held that the want of a written notice from the defendant to the plaintiff of the application to have property sold on the writ made the sale defective and illegal, and that the plaintiff would be entitled to a verdict for the value of the residue of the property, with interest from the time of sale. The defendant excepted to this ruling and instruction to the jury.

Verdict for the plaintiff.

*Thomas Bartlett*, for the plaintiff.

The plaintiff's presence at the appraisal and sale is no license or approval of the irregularity of the previous proceedings.

When an officer sells chattels attached on *mesne process* without

pursuing the provisions of the statute of 1822 and the defendant prevails in the suit the officer becomes a trespasser *ab initio* and is liable to an action without any previous demand on him for the chattels. *Wallis* v. *Truesdell*, 6 Pick. 455. See Revised Statutes of Mass., page 553, from which it seems our statutes have been drafted.

*G. C. & G. W. Cahoon*, for the defendant.

The plaintiff can only recover what the mare sold for. Officers attaching property on *mesne process* are not liable for injuries occasioned without any want of ordinary care on their part. *Bridges* v. *Perry*, 14 Vt. 262; *Smith* v. *Church*, 27 Vt. 168; *Miller* v. *Gilbert*, 47 Maine, 32; *Sawyer* v. *Middletown*, 10 Vt. 237. See also Story on Bailments, p. 27, § 25.

The plaintiff has waived his right to written notice. *Derby et al.* v. *Johnson*, 21 Vt. 17; *Campbell* v. *Worthington*, 6 Vt. 448; *Bennett* v. *Stickney*, 17 Vt. 531; *Kellogg, ex parte*, 6 Vt. 509; *Forbes et al.* v. *Davison*, 11 Vt. 660; *Eaton* v. *Houghton*, 1 Aik. 380.

*Such notice may be proved by the acts of the parties, or presumed from other circumstances.* *Wood* v. *Stewart*, 7 Vt. 149.

Walker is estopped from now claiming that the appraisal and subsequent sale was illegal, as his conduct was such as to induce Wilmarth to believe that he did not object. *Hicks* v. *Cram et al.*, 17 Vt. 449; *Strong* v. *Ellsworth*, 26 Vt. 366; *White* v. *Langdon*, 30 Vt. 599.

BARRETT, J. The plaintiff's property having been attached on *mesne process* by the defendant, as constable, was sold by him on the writ at the request of the attaching creditor, pursuant to the provisions of the Compiled Statutes. The attachment was made on the 24th of November, 1859. On the 28th of October, 1859, the act was approved and went into effect, amending § 30 of ch. 31 of the Compiled Statutes, so as to require *written* notice to be given by the officer to the other party, when application is made to him by one of the parties to sell the property upon the writ.

In the present case the plaintiff was not notified as required by this amendment of the statute, though he did receive a *verbal* notice from the defendant, of said application.

Evidence was given tending to show that the plaintiff was present

at the appraisal, and did not object to it, and the plaintiff admitted on the trial that he was present when the property was sold by the defendant.

The county court held said sale to be defective and illegal by reason of such want of written notice of said application to sell the property, and this ruling is the ground of the defendant's exception.

The proceeding by attachment on *mesne process*, upon the mere motion of the plaintiff in such process, without any verification that he has a valid, or even a probable cause of action, to take possession of the defendant's personal property, and hold it inexorably from his possession, use and control till final judgment, and, in the mean time, upon certain contingencies, to sell and dispose of it, is well regarded as carrying the law to the extreme verge of reason or toleration, as affecting the ordinary and established rights of property between man and man. A resort to this proceeding is warranted only by specific statutory law, and, in order to be justified in the given instance, the proceeding must be shown to be conformable to the provisions of such law. The owner of the property, which is the subject of the proceeding, is affected in his rights, only by force of the law authorizing the proceeding, and he may assert and stand upon those rights, unless it be shown that the law has supervened upon them in the mode, and by the instrumentalities therein prescribed.

This is not controverted by the defendant's counsel in the present case. But it is claimed that the plaintiff, having received verbal notice of the application, and having been present at the appraisal and sale, without objecting to the proceedings, is, as matter of law, to be taken to have waived his right to insist upon a compliance with the provision of the statute requiring notice in writing.

We think this is not tenable. The plaintiff had a right to have the defendant, as the instrument of the law, in behalf of the party making the attachment, to take his own course in subjecting the property attached to the provisions of the law. Whether he would consent to a sale, by agreement with the other party, or, whether he would apply for a sale, as he might do under the statute, was a matter in which he was free to determine and act for himself. He saw fit to do neither. When the attaching creditor moved in the matter

to procure a compulsory sale, the plaintiff could in no way interfere to control that proceeding. Upon application being made to the officer, the course to be taken by the officer is specifically prescribed by the statute, and that course is to be taken entirely independent of the will or wish of the plaintiff. With that course he had not the right to interfere to control the officer ; nor was it his duty to relieve the officer from doing all things required by the law in order to make valid the proceedings he was pursuing. Whether the plaintiff was present or absent when certain steps were taken in that proceeding could make no difference, so far as any defect in it is concerned, unless he is chargeable with knowledge of such defect, and with the duty of then making objection to the proceeding on account of such defect. In the present case, the plaintiff could hardly be held to occupy a position in which the presumption, that every man knows the law, would be operative against him ; and much less can the defendant in this case claim it, when the reason, assigned by counsel, why he did not give notice in writing, is that he did not then know of the then recent act, requiring notice to be given in that manner. And clearly he was chargeable with no duty to object ; for he might, in silence, leave the adversary party and the officer to their own hazards in asserting rights against him, given by arbitrary statute, and involving no considerations of equity or morality. In saying this, we are not to be understood as holding that the plaintiff might not, affirmatively, have waived the defect in the notice. That question is not involved. The only question is, whether the mere fact of his being present at the appraisal and at the sale and not objecting, constitutes such waiver ; and we clearly think it does not.

In a proceeding like the one under consideration, and which, at best, is harsh and repulsive to the ordinary apprehension of the rights of property, and may so easily be made an instrument of unjust oppression, we think courts should require a scrupulous compliance with the statutory provisions, in order to justify its use, when rights asserted in virtue of such proceeding are called in question.

The other question in the case, arises upon exception taken by the plaintiff to the ruling of the court, that, upon the facts shown by the evidence, he could only recover so much as the mare sold for, which, it is found, was all she was worth at the time.

The plaintiff claims that he was entitled to recover the value of the mare at the time she was originally taken on the attachment.

This is an action on the case sounding in damages, for the non-return of the property on the termination of the suit on which the property was attached.

It appears that the original attachment, and all the proceedings of the defendant were justifiable under the process, down to the act of selling the attached property. The mare injured herself before the appraisal, so that she died soon after the sale,—the defendant being in no fault, either in respect to her injury, or the measures taken for her cure. It is not controverted by the plaintiff that, if the defendant had so proceeded as to have made a valid sale of the mare, with the other property, upon the writ, he would have been accountable only for what he got for the mare upon the sale,—or, in other words, it is not claimed that an officer is liable for accidents and injury to property held by him under attachment upon *mesne process*, which happen without any fault of act or neglect on his part. The law of this subject seems to be firmly established by a series of adjudications in this and other states. See *Bridges* v. *Perry*, 14 V.t. 262; *Miller* v. *Gilbert*, 47 Maine, 32.

But it is claimed, that, by reason of the illegality of the sale, the defendant became trespasser *ab initio*, and, therefore, the measure of damages is the value of the property at the time it was taken on the attachment. Whatever might have been the rule, if the plaintiff had brought *trespass* instead of *case*, it seems quite clear that he cannot, as matter of law, insist upon that measure of damages in the present case.

Under the declaration the question as to the character of the original taking does not arise. The *gravamen* is the non-return of the property in pursuance of the alleged duty of the defendant, without any averments by way of aggravation. The declaration treats the original attachment, and the holding of the property by the defendant, as lawful; and the only ground of action, or of liability for damage, is the breach of duty in not returning the property.

The damages, therefore, are to be measured with reference to that breach, upon the assumption that the acts of the defendant, up to that time, had been lawful.

If his taking and holding of the property were thus lawful, his liability is only for the property at the value for which, as such officer, he would be accountable to the party recovering in the suit. on which it had been attached. As before shown, he would not be chargeable for deterioration of the property by reason of causes involving no fault on his part, in the keeping and care of it.

We think, therefore, upon the facts, the county court put the true rule to the jury, as to the value of the mare.

The judgment under both exceptions is affirmed.