GEORGE IDE *v.* J. B. FASSETT.

*Officer.   Receiptor.   Demand and Refusal.   Attachment.*

It has been long settled in this state that an officer is not liable for property attached by him on *mesne* process, which has perished without fault for which he is liable.

It is equally well settled that a receiptor of such property is not liable on his receipt, when it has perished without like fault.

On the occasion of a demand by the plaintiff, an attaching officer, of property receipted by the defendant, it was agreed that the defendant should deliver the property to the plaintiff at a time and place of sale to be appointed by the plaintiff. The plaintiff did not make such appointment, but, without making any further demand, sued the defendant on his receipt. *Held,* that he could not recover.

The plaintiff attached ten swarms of bees, and the defendant receipted them, but no mention was made either in the attachment or the receipt, of the hives in which they were. *Held,* that the defendant was not liable for the hives under his receipt.

ACTION on a receipt given by the defendant to the plaintiff, an attaching officer, for property attached by him on a writ in favor

of *Noyes* v. *Bean*, in which suit judgment was rendered against the defendant therein at the December term of Caledonia county court, 1870, and execution issued. Plea, the general issue, and trial by the court, June term, 1872, Ross, J. presiding.

Ten swarms of bees were included in said receipt, but nothing was mentioned therein about the hives in which they were. At the time of said attachment, Bean owned a yoke of oxen and a mare, and he told the plaintiff that he elected to keep the mare in lieu of the oxen ; but the plaintiff attached the mare instead of the oxen, and she was included in said receipt by the procurement of Bean. One cow was also receipted. The defendant left the property receipted in the possession of Bean, and before the rendition of judgment in said suit, said bees died under such care and treatment as men of ordinary care and prudence bestow upon their own property of a similar kind. On the 27th of January, 1871, the plaintiff went to Enosburgh and saw the defendant, and demanded the property named in said receipt. The defendant offered to get the property at once, except the bees, which, he informed the plaintiff, were dead, and deliver it to him, and asked him if he should deliver it to him at Lyndon, the plaintiff's residence, or at Irasburgh, Bean's residence, and the place of attachment. The plaintiff told the defendant that he need not deliver it at Lyndon, but that he would appoint a time and place of sale at Irasburgh, and he might deliver it there. The defendant said if Noyes would receive the property in existence at the prices named in the receipt, in part satisfaction of the judgment, he did not know but he would pay the balance. The plaintiff told him he would see Noyes or his counsel, about that proposition, and write him. The defendant also told the plaintiff that he could not deliver the bees, as they were dead, and that before he would pay the execution, or acknowledge his liability for the bees, he desired to take counsel. The plaintiff gave him time to see counsel, and went away. On the 6th of February, the plaintiff wrote the defendant that he had seen Noyes' counsel, and that he would sue the receipt unless the execution was paid in full. The defendant immediately wrote the plaintiff that he had taken counsel and had concluded that he

was not liable for the bees, but that he would deliver the other property at any time and place the plaintiff would name. No further communication was had between the parties, and nothing further done except the bringing of this suit. It was conceded that the hives in which the bees were when attached were worth $2 each, but the defendant claimed that the attachment and receipt only covered the bees, and did not include the hives, in which they were. Upon the foregoing facts, the court rendered judgment for the defendant. Exceptions by the plaintiff.

*George C. & George W. Cahoon*, for the plaintiff.

The statute provides what course shall be taken with perishable property. Instead of having the property appraised, as provided by the statute, the defendant by giving his receipt stepped in and agreed to the valuation of the property, and became security as contemplated in § 44, ch. 33, of the Gen. Stat. There could be no question, it would seem, as to the liability of the security under that section. whether the property perished or not. *Sawyer* v. *Mason*, 19 Me. 49. The defendant assumed the same liability. The measure of damages is the value of the property receipted. *Catlin* v. *Lowrey*, 1 D. Chip. 396 ; 1 Wash. Dig. 134, §§ 55, 59, 73 ; *Page* v. *Thrall*, 11 Vt. 230 ; *Bliss* v. *Stevens*, 4 Vt. 88 ; *Strong* v. *Hoyt*, 2 Tyler, 208 ; *Maxfield* v. *Scott*, 17 Vt. 634 ; 2 Wash. Dig. 109, §§ 41, 44 ; *Stimpson* v. *Pierce*, 42 Vt. 334. The defendant is in no sense a bailee for hire, therefore, the rule applicable to such bailees does not apply. *Brown* v. *Gleed et al.* 33 Vt. 147. The receipt, *ex necessitate*, includes the hives in which the bees were, and therefore, the defendant denying the plaintiff's right to the hives, his offer to deliver the other property did not include them, and the plaintiff can recover for them, unless prevented by some reason other than that he did not appoint a time and place for their delivery. The fact that Bean procured the mare to be receipted, operated as a waiver of his right of election, and makes a case entirely different from *Haskins* v. *Bennett*, 41 Vt. 700. Vide *Brown* v. *Gleed*, 33 Vt. 150. There is no pretence but that the cow was attached. A receiptor is estopped from denying that the property receipted

was attached. Drake on Attach. § 349 ; *Brown* v. *Atwell*, 31 Me. 357 ; *Spencer* v. *Williams*, 2 Vt. 209 ; *Drew* v. *Livermore*, 40 Me. 266 ; *Lowry* v. *Cady*, 4 Vt. 505 ; *Morrison* v. *Blodgett*, 8 N. H. 238 ; 11 Mass. 219. An officer's right of action against a receiptor accrues upon his making a demand of the property. The plaintiff having made a demand, his right of action accrued at that moment. *Page* v. *Thrall, supra; Carpenter* v. *Snell*, 37 Vt. 256 ; *Tinker* v. *Morrill*, 39 Vt. 480.

*T. Bartlett*, for the defendant.

Had the plaintiff taken the bees into his own possession, and they had died without his fault, he would not be liable either to the debtor or the creditor. It follows, then, as a legal corollary, that his bailee would not be liable if they died without *his* fault.

The mare was exempt from attachment. At the time of the demand, the defendant agreed to get the property, except the bees, and deliver it at Irasburgh, at a time and place of sale appointed by the plaintiff; but this the plaintiff never did. Story Bailm. § 130, *et seq.*

The opinion of the court was delivered by

BARRETT, J. It has been for a long time settled in this state that an officer is not liable for property attached by him on *mesne* process, which has perished without fault for which he is answerable. *Bridges* v. *Perry*, 14 Vt. 262 ; *Walker* v. *Wilmarth*, 37 Vt. 289. It is equally well settled that a receiptor of such property is not liable on his receipt, when it has perished without like fault. The defendant, therefore, is not liable for the bees, they having died without such fault.

He is not liable for the other property. The case shows that he did not refuse to deliver the property when demanded by the plaintiff. On the occasion of such demand it was arranged between the parties that the defendant should deliver it at a time and place to be named by the plaintiff. This was a waiver of the duty to deliver it to the plaintiff on such demand, and left such demand operative to charge the defendant with the duty of delivering it only upon the appointment of a time and place for the delivery to be made, pursuant to said arrangement.

. Without naming such time or place, and notwithstanding the defendant was willing to deliver it at any time and place that the plaintiff would name, yet, without further demand, this suit was brought. We think the case as found by the court does not show a breach of the defendant's undertaking, in the sense of an actionable failure to deliver the property on demand. The record does not show that *hives* were either attached or receipted. A swarm of bees, as chattel property, the subject of traffic, and subject to attachment, does not, either in fact, in idea, or in law, by the force of the terms, as practically understood and used, embrace the hive, which, at a given time, they may be in. Each is quite susceptible of being apprehended in idea, and practically regarded and treated as property, separate and distinct from each other. We think, in order to hold the hives under the receipt, it is necessary that they should have been named in the attachment and in the receipt.

Judgment affirmed.