CHARLES R. TURNER AND WIFE *v.* J. G. MOORE AND ANOTHER.

*Trover. Sale. Credit. Question not for Jury.*
R. L. s. 4193.

1. In an action of trover to recover for the conversion of a tombstone, the question being, whether on a sale the title had vested in the plaintiff, it was error for the court to refuse to charge that, if there was no agreement for credit, it was a cash sale, and the title would not vest in the plaintiff until the money was paid or tendered. The title could not pass on mere delivery.

2. When the plaintiff testified that she expected to pay cash on delivery, and the defendant that it was a cash sale, whether it was or not was not an open question, and should not have been submitted to the jury. Under the circumstances of this case, the fact that the defendant asked for a lien did not tend to show a time sale.

ACTION with two counts, one in trover, and one upon s. 4193, R. L., to recover for the conversion of a tombstone. Trial by jury, September Term, 1885, WALKER, J., presiding. Verdict for the plaintiffs. Judgment reversed.

The plaintiffs' testimony tended to show a delivery of the tombstone by setting it up in the cemetery by the defendant; the defendant's testimony tended to show that he carried the stone to the cemetery one evening, Saturday; that it became dark before the setting was completed, and that he left it there until the next Wednesday, when, after having some conversation about the pay, and fearing that he would not get it, he carried the stone back to his shop. During the conversation the defendant asked for a lien on the stone, which was refused. The defendant's second request was: " If the contract was for the sale of the stone, and no time was agreed upon, then it was a cash sale, and no title was vested in the plaintiff until she paid or tendered the money." The other facts are sufficiently stated in the opinion.

*Farrington & Post*, for the defendant.

It being a cash sale, whether the stone was completed or not, no title vested in the buyer without payment or tender. *Gibbs* v. *Benjamin*, 45 Vt. 124; 2 Kent Com. 673-677; Benj. Sales ss. 320, 706.

*F. W. McGettrick*, for the plaintiffs.

The opinion of the court was delivered by

TAFT, J. The second request of the plaintiff should have been complied with. If the contract was for the sale of the stone, and there was no agreement that time should be given the plaintiff, in which to make payment, it was a cash sale, and no title would vest in the plaintiff until she paid or tendered the money. The court told the jury that if the stone was delivered to the plaintiff, the title vested in her, and she became the owner. We think they should have been told that if they found it a cash sale, title would not vest until payment or tender of payment. We think the court would have been warranted in telling the jury that the sale was a cash one. The defendant claimed and testified that it was, and the plaintiff testified that at the time of the contract nothing was said as to the time of payment, and that she expected to pay cash on delivery. This was a virtual concession that it was a cash sale, and that question should not have been submitted. The fact that the defendant asked for a lien upon the stone, we do not think has any tendency to show that the sale was not a cash one. The defendant, ascertaining that he was not likely to get his pay as he expected, endeavored to get a lien upon the stone. It has a tendency to show that he was unwilling to trust the plaintiff; unwilling to make a time sale upon her credit; he preferred the credit of the stone. We do not wish to be understood that the terms of a lien might not, under some circumstances, be evidence of what contract the parties entered into; but in this case the idea of a time payment is

inconsistent with the plaintiff's own testimony, and after she had virtually conceded that it was a cash sale the question was no longer an open one. There was error upon the trial in the respect indicated, which is covered by the exceptions taken, and the judgment is reversed and cause remanded for a new trial.