Merrill v. Bullard.

———

## GEORGE A. MERRILL v. GATES B. BULLARD.

*Personal Property. Adverse Possession. R. L. s. 559.*
*Trover. Demand.*

The defendant having purchased in good faith the plaintiff's personal property of one who had its possession, but no right to sell it, used it as his own for more than six years, claiming title thereto; *Held*, that it was a conversion, but that the Statute of Limitations commenced to run at the time of the sale, and was a bar to an action of trover.

TROVER. Pleas, general issue and Statute of Limitations. Trial by court, LANDON, J., presiding. Judgment for the defendant.

The case came up from the Rutland municipal court. In 1864 the plaintiff sold his residence to one Moore, and left his andirons, of the value of $15, with him. In 1868 the defendant purchased the premises, and with them the andirons of said Moore. Moore claimed to the defendant that he was the owner of the andirons. One of them was broken, the defendant procured it to be repaired, and at once put them to use, and has used them ever since. In 1883 and in 1885 the plaintiff demanded the andirons of the defendant and was refused.

*L. W. Redington*, for the plaintiff.

There was no conversion until there was a demand. *Sibley* v. *Story*, 8 Vt. 15; *Jackman* v. *Partridge*, 21 Vt. 325; *Dohorty* v. *Madgett*, 58 Vt. 323; 29 N. Y. 146; 86 N. Y.

Merrill *v.* Bullard.

314; 82 N. Y. 1. The Statute of Limitation commenced to run at the time of making the demand. 10 Pick. 112; 9 Pick. 488. The plaintiff never lost title. *Noble* v. *Sylvester*, 42 Vt. 147. There was no adverse possession. *Hapgood* v. *Burt*, 4 Vt. 155; *O'Neil* v. *Blodgett*, 53 Vt. 213; *Wilder* v. *Wheeldon*, 56 Vt. 344; *Partch* v. *Spooner*, 57 Vt. 583; *Canfield* v. *Hard.* 58 Vt. 222.

A purchaser in good faith of one who is not the owner and has no title is not liable in trover to the real owner till after the true title to the goods has been made known to him, and he assumes dominion over the goods. *Parker* v. *Middlebrook*, 24 Conn. 207; *Iron Works* v. *Adams*, 37 Conn. 233. The defendant was not liable until a demand and refusal. 100 N. Y. 293; 57 N. Y. 28; 2 N. Y. 293.

*J. C. Baker*, for the defendant.

It is well settled that the title to personal property may be lost or gained by six years adverse possession. R. L. s. 959; *Preston* v. *Briggs*, 16 Vt. 124; *Baker* v. *Chase*, 55 N. H. 61; *Leffenwell* v. *Warren*, 2 Black, 599; *Bicknell* v. *Comstock*, 113 U. S. 149; *Campbell* v. *Holt*, 115 U. S. 620; *Chapin* v. *Freeland*, 7. East. Rep. 149.

The distinction between the operation of the Statute of Limitations when applied to property adversely held, and as applied to contracts for the payment of money, is this : In the one case it acts on the title, and when the bar is perfect transfers it to the adverse possessor, whilst in the other there is no such thing as an adverse possession; but the statute simply affects the remedy and not the debt. Ang. Lim. 304. There was a conversion at the time of the sale. 7 Wait Act. & Def. 262; *Smith* v. *Bishop*, 9 Vt. 110; *Riford* v. *Montgomery*, 7 Vt. 411; *Grant* v. *King*, 14 Vt. 367; *Deering* v. *Austin*, 34 Vt. 330; *Bucklin* v. *Beals*, 38 Vt. 653.

The opinion of the court was delivered by

TAFT, J. It is well settled that the title to personal prop-

erty may be lost, by six years adverse possession. *Preston* v. *Briggs*, 16 Vt. 124; *Campbell* v. *Holt*, 115 U. S. 620. A purchaser of personal property from one having it in possession, but who is not the true owner, with no right to sell it, who takes possession of it, claiming title to it as owner, and puts it to use, is guilty of an actual conversion—*Riford* v. *Montgomery*, 7 Vt. 411; *Swift* v. *Moseley*, 10 Vt. 208; *Grant* v. *King*, 14 Vt. 367; *Deering* v. *Austin*, 34 Vt. 330— and is liable in trover without demand, though he purchased in good faith of. one whom he supposed to be the owner and entitled to sell it. *Bucklin* v. *Beals*, 38 Vt. 653. The sale by Moore, in 1868, was an actual conversion of the andirons, and the Statute, of Limitations began to run against the plaintiff from the time of the sale. Six years having elapsed after the sale, before suit brought, the defendant gained a good title to the andirons by adverse possession.

Judgment affirmed. ·