### JOHN E. ANDREWS *v.* CLAYTON CARL.

October Term, 1904.

Present: ROWELL, C. J., MUNSON, START, WATSON, HASELTON and POWERS, JJ.

Opinion filed December 6, 1904.

*Trover—Conversion — Lawful Possession — Estrays — Demand—Statute of Limitations.*

Conversion, when applied to the law of trover, imports an unlawful act, and mere nonfeasance is not enough.

The mere neglect of defendant, who took up plaintiff's stray heifer, to post and advertise it as required by the statute, did not constitute a conversion thereof so as to start the Statute of Limitations before demand and refusal.

TROVER for a cow. Plea, the general issue. Trial by jury at the September Term, 1903, Chittenden County, *Tyler, J.,* presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*C. J. Russell,* and *E. C. Mower* for the defendant.

The cause of action accrued at the time defendant failed to post and advertise as required by the statute. *Chaffee* v. *Harrington,* 60 Vt. 718; *Carr* v. *Bennett,* 21 Ill. App. Div. 137.

Plaintiff's ignorance of the existence of his cause of action makes no difference. *Smith* v. *Bishop,* 9 Vt. 110.

*C. J. Ferguson* and *V. A. Bullard* for the plaintiff.

Mere nonfeasance does not make a party a wrong doer *ab initio. Ordway* v. *Ferrin,* 3 N. H. 69; *Parker* v. *Pattee,* 4 N. H. 530; *Gardner* v. *Campbell,* 15 Johns 401; *Ferrin* v. *Symonds,* 11 N. H. 366; Story, Bailments, (9th Ed.) § 87.

There could be no conversion till demand and refusal. *Downer* v. *Phoenix Bank of Charleston,* 6 Hill 297; *Isaack* v. *Clark,* 2 Bulst 306; *Sibley* v. *Story,* 8 Vt. 15; *Jackman* v. *Partridge,* 21 Vt. 558; *Doherty* v. *Mudgett,* 58 Vt. 323.

ROWELL, C. J. Trover for a cow. The plaintiff's heifer calf strayed from his inclosure in 1895, and was soon after taken up by the defendant, but was not posted and advertised by him according to the statute, though he inquired of several if they had lost a heifer. His testimony tended to show that the calf grew up on his farm, and that he had had

the use of it under a claim of ownership. The plaintiff dis-covered the cow in the defendant's possession just before suit brought, and demanded her of him, but he refused to give her up. No question was made on trial but that the plaintiff lost a heifer as he claimed, and the defendant admitted that one came into his possession soon after, but he denied that it was the plaintiff's, and the questions of identity and damages were the only questions submitted to the jury or asked to be submitted. The defendant pleaded the Statute of Limitations, and moved for a verdict because the action was barred thereby, which was refused. The case as presented does not involve a consideration of the defendant's use and claim of ownership, for that matter was not submitted to the jury, and is not now relied upon; but the defendant puts his case solely on the ground that "the cause of action accrued *ab initio* without demand or notice, and more than six years before suit brought." This assumes, we suppose, that the mere neglect of the defendant to post and advertise as he should, made him a wrongdoer and constituted a conversion. But conversion, when applied to the law of trover, imports an unlawful act, and a mere nonfeasance is not enough. It is generally laid down that any act that is an interference with the owner's dominion and right of property is a conversion. But from the nature of the action of trover, it must be an interference that cannot, as against the owner, be justified nor excused by one who comes lawfully into possession. Here the defendant came lawfully into possession, and it does not appear that he did anything afterwards and before the demand and refusal, that could not be justified or excused as against the plaintiff, and that was hostile to his dominion and right of property; hence the statute is no bar.

*Judgment affirmed.*