F. W. Lumbra and Albert Lumbra *v.* Edward S. Campbell.

November Term, 1910.

Present: Rowell, C. J., Munson, Watson, Haselton, and Powers, JJ.

Opinion filed November 16, 1910.

*Trover—Presumption in Favor of Judgment—Acquiescence In-*
*ferred from Failure to Object.*

In trover for a clapboard mill, the facts certified up showed that plaintiffs
leased the mill to defendant for one season, which ended in April,
when, by mutual consent, the mill was stored in defendant's shed where
it remained till the following February, when defendant again moved
it to his saw mill and there used it to saw another year's stock of logs
till June, when it was destroyed by fire; that defendant did not ask
permission to use the mill another year, and plaintiff did not expressly
consent thereto, but knew it was being used again and did not object,
and defendant understood that he was using it under the arrangement
originally made. *Held*, that from the foregoing the trial court not
only could fairly infer, but ought to have inferred, and in support
of the judgment for defendant this Court will presume it did infer,
that plaintiffs were willing that defendant should use the mill another
year.

Trover for a clapboard mill, consisting of a clapboard
saw, with lathe and crane attachments, a dressing machine
for planing clapboards, and a butting saw. Plea, the general
issue. Trial by court at the March Term, 1910, Franklin County,
*Taylor*, J., presiding. Judgment for the defendant. The plain-
tiffs excepted. The opinion states the case.

*W. B. Locklin* for the plaintiffs.

*P. H. Coleman* for the defendant.

Rowell, C. J. This is trover for a clapboard sawmill.
The case was tried by the court, and judgment went for the
defendant.

The plaintiffs let the mill to the defendant for the season
of 1908. The defendant finished the cut of logs for that season

in April, and notified the plaintiffs. Then, by mutual agreement, the mill was moved from the defendant's sawmill, where he had used it, and stored in his shed some rods away. In February, 1909, he moved it back to his sawmill, and set it up for use in sawing another year's stock of logs, and used it there till June, 1909, when it was destroyed by fire without his fault.

The defendant did not ask permission to use the mill another year, and the plaintiffs did not expressly consent to its use, but they knew it was being used, and did not object to its further use, and the defendant understood he was using it under the arrangement originally made.

These facts point strongly to the probable conclusion that the plaintiffs were willing the defendant should use the mill the second year, and were satisfied to let the use go on as it did, for otherwise they would most likely have objected when they found it out. So the court below not only could fairly have inferred that much, but ought to have inferred it; and therefore this Court will presume it did, to the end that the judgment may stand and not fall.

*Judgment affirmed.*