ALLEN LUMBER COMPANY *v.* E. HIGUERA.

January Term, 1913.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 14, 1913.

*Findings of Fact — Exceptions — Sufficiency—Conversion—Demand—Necessity—Sales—Transfer of Title—Cash Transaction—Time of Payment—Waiver.*

A general exception to the finding of facts by the court, and the rendition of judgment thereon, does not reserve the question of the sufficiency of the evidence to sustain any particular finding.

Where defendant had so used plaintiff's lumber that defendant could not restore it, a demand for its return was not essential to establish a conversion.

Where there is a sale of personal property for cash on delivery, even after delivery, title, with the right of possession, remains in the seller, unless he waives his right to treat the sale as a cash transaction.

A waiver involves both knowledge and consent, and it cannot be said, as a matter of law, that the seller of lumber for cash on delivery waived his right to treat the sale as a cash transaction, where, on failure of the buyer to pay on delivery, the seller called on him, and was told that the money would be sent as soon as the buyer's boy came, and later, not having received payment, the seller again called, and told the buyer that he must have payment or the lumber, and the buyer again promised payment soon.

Where a case was tried by court, and the finding of facts, duly made, signed, and filed, as required by P. S. 1982, recited that "The entire transcript of the case is hereby referred to and made a part hereof for any proper purpose in connection with the finding of facts," that reference gave the exceptor an opportunity by proper exception to question the sufficiency of the evidence to sustain any of the findings, or to claim that an additional finding should have been made; but as he did neither, the review is confined to the findings of fact.

In an action of trover for lumber sold for cash on delivery, findings that it was not paid for on delivery; that in a few days the seller called on the buyer and was told that the money would be sent, but it was not sent; and that the seller again called and insisted on having the money or the lumber, show no substantial insufficiency as to the length of time that elapsed between the recited occurrences; nor are they insufficient in that they fail to find what plaintiff's understanding was as to when payment would be made, since the contract is stated, and that expressed the understanding of the parties.

TROVER for lumber. Plea, the general issue. Trial by court at the March Term, 1912, Washington County, *Waterman,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Theriault & Hunt* for the defendant.

*J. Ward Carver* for the plaintiff.

HASELTON, J.  This is an action of trover.  The case was
heard by the court and on facts found judgment was rendered
for the plaintiffs and a certified execution was awarded.  The
defendant excepted.

The Allen Lumber Company is a partnership engaged in
the lumber business.  In July, 1910, the defendant purchased of
the plaintiffs some lumber.  He asked for credit but that was
denied on the ground that as he was a stranger to the plaintiffs
the sale, if made, must be a cash transaction.  The defendant
told the partner with whom the business was done that if the
latter would send the lumber to a place in Montpelier where
the defendant was building a house he would pay cash.  The
plaintiffs sent the lumber and it was paid for as agreed.  Later
a second sale of lumber was consummated between the parties.

Some days afterwards the defendant came to one of the
plaintiff firm and asked for a third bill of lumber and that it be
sold him on credit.  But the plaintiff firm again refused credit
and said the sale must be a cash transaction, whereupon the de-
fendant said he had the money at the house and that he would
pay cash the same as before when the lumber was received at
the house.  The lumber was sent but the defendant did not pay
for it.  In a few days the partner with whom the business had
been done on the part of the firm called on the defendant about
the matter and the defendant said his boy was not there but that
he would send the money as soon as the boy came.  The de-
fendant did not send it and the partner, referred to, called again
when the defendant said the order was not complete, that there
were some balusters which he had not received.  The plaintiffs
furnished the balusters and the defendant said he expected some
money soon and would pay.  The plaintiffs told him they must
have the money or the lumber.  Again in a few days they told
him the same thing.  The defendant proceeded to use the lumber
in building his house and did not pay and never has paid for the
lumber in question.  The court below found and held that the
lumber did not become the property of the defendant, that he
had no right to use the same and that by using it as he did he
converted it to his own use and become liable in this action for
the value of the lumber which was found to be $221.97.

These facts were found by the court, reduced to writing
and signed by the judges as the statute requires, and the excep-
tions recite that thereon the court adjudged the defendant guilty

and rendered judgment against him for the sum named with costs and on motion granted a certified execution. The exception taken is thus recited: ''To all of which defendant excepted.''

This exception does not raise the question of the sufficiency of the evidence to sustain any particular finding. *Langdon* v. *Hunt,* 82 Vt. 322, 73 Atl. 865.

The defendant does not claim that it does, but on various grounds claims that the findings are insufficient to sustain the judgment.

It is claimed and argued that a demand and refusal were essential to establish a conversion and that a demand for the lumber or the money was not a sufficient demand. But here a demand was not necessary, for the findings recite that the defendant had used up the lumber, and a demand is not required when it would necessarily be futile where there is no power to restore, when there has been actual conversion. Chitty, Pl. 170; *Crompton* v. *Valido Marble Co.,* 60 Vt. 291, 302, 303, 15 Atl. 153, 1 L. R. A. 120; *Merrill* v. *Bullard,* 59 Vt. 389, 8 Atl. 157; *Tinker* v. *Morrill,* 39 Vt. 477, 480, 94 Am. Dec. 345.

This is upon the principle that the law never requires the performance of a vain or useless act. The transaction in question was a sale for cash on delivery, and the title with the right of immediate possession remained in the plaintiffs unless they had waived their right to treat the sale as a cash transaction. *Turner* v. *Moore,* 58 Vt. 455, 3 Atl. 467; *Drake* v. *Scott,* 136 Ala. 261, 33 So. 873, 96 Am. St. Rep. 25; *Tyler* v. *Freeman,* 3 Cush. 261; *Howard* v. *Haas,* 131 Mo. App. 499, 109 S. W. 1076; *Paulson* v. *Lyon,* 26 Utah 438, 73 Pac. 510; *Berlaiwsky* v. *Rosenthal,* 104 Me. 62, 71 Atl. 69; *Dudley* v. *Sawyer,* 41 N. H. 326; *Hammett* v. *Linneman,* 48 N. Y. 399; Benj. Sales (7th ed.) 270, 271, 298, 299; 2 Kent's Comm. 496, 497.

In the case of a sale for cash on delivery, the delivery and payment are, in contemplation of law, concurrent, and the doctrine that without payment the property will not pass even though it be actually delivered into the hands of the buyer is very generally recognized.

In *Turner* v. *Moore,* 58 Vt. 455, 3 Atl. 467, there was a cash sale of a tombstone which the testimony tended to show was delivered at a cemetery where it remained for two or three days, and that then the seller had some conversation with the purchaser during which he asked for a lien on the stone which was refused.

Becoming apprehensive that he would not get his pay the seller reclaimed the stone and carried it back to his shop, and was thereupon sued by the purchaser who recovered judgment, but the judgment was reversed, for this Court said: "If the contract was for the sale of the stone, and there was no agreement that time should be given the plaintiff, in which to make payment, it was a cash sale, and no title would vest in the plaintiff until she paid or tendered the money. The court told the jury that if the stone was delivered to the plaintiff, the title vested in her and she became the owner. We think they should have been told that if they found it a cash sale, title would not vest until payment or tender of payment." The court commented upon the fact that the seller asked for a lien upon the stone and considered that, in the circumstances, it had no tendency to show that the sale was not a cash transaction, but rather that it evinced the seller's unwillingness to give credit to the purchaser.

If there was a waiver here by the plaintiffs the sale became a sale on credit and title passed to the defendant. But a waiver involves both knowledge and intent. *Webster* v. *State Mutual Fire Ins. Co.*, 81 Vt. 75, 69 Atl. 319, and here it cannot be said as matter of law that there was an actual consent on the plaintiffs' part to give credit nor, in the circumstances, that the plaintiffs' conduct was such that the intent necessary to a waiver must be attributed to them.

In discussing the question of waiver the defendant makes free reference to the transcript. The finding of facts says: "The entire transcript of the case is hereby referred to and made a part hereof for any proper purpose in connection with the finding of facts." This reference gave the defendant an opportunity by a proper exception to question the sufficiency of the evidence to sustain any of the findings, or to raise the claim that a finding should have been made which was not made, but he did neither of these things and the reference to the transcript goes for nothing, for the case was tried by the court under P. S. 1982, and must be considered upon the facts found and reduced to writing by a majority of the members of the trial court and upon "no other or different facts." So we are confined to the finding of facts; and the demand for the money or the lumber did not, in law, amount to acquiescence or waiver or the giving of credit, for it asserted the plaintiffs' right and title to the lumber, which the defendant does not appear then to have dis-

puted, and expressed only a willingness to pass title if the defendant would pay as he had agreed. On the facts found the plaintiffs did not consent that their lumber be used up by the defendant and his use thereof was an actual conversion, for it was an appropriation of the property to the party's own use in such a manner as to change its character and exclude the plaintiffs from the possibility of exercising their rightful dominion over it. *Thorpe* v. *Robbins,* 68 Vt. 53, 56, 33 Atl. 896.

For authority in this jurisdiction the defendant relies principally upon *Eddy & Co.* v. *Field,* 85 Vt. 108, 81 Atl. 249, and *Andrews* v. *Carl,* 77 Vt. 172, 59 Atl. 167. But neither of these cases supports his position. The sound doctrine adverse thereto is fully recognized in both cases.

In *Eddy & Co.* v. *Field,* the defendant was under obligation to return empty soda bottles to the plaintiffs, and he having had the bottles in question freighted and way-billed to the plaintiffs it was held that they could not maintain trover for the bottles upon a mere showing that they had not actually received them when suit was brought.

*Andrews* v. *Carl,* was a case of trover for a cow. When the cow was a calf it strayed from its owner and was taken up by the defendant. He inquired of several if they had lost a calf but he did not do the posting and advertising required of him by the statute. The calf grew up on his farm and he had the use of the cow. But the case as presented did not involve a consideration of his use, or claim of ownership, but the question was whether his mere failure to post and advertise as he should have done constituted in itself a conversion such that the Statute of Limitations began to run from the time of such failure. The reasoning of the case makes strongly against the contention of the defendant here.

The defendant refers to *Lumbra·* v. *Campbell,* 84 Vt. 51, 78 Atl. 120, in support of his position. That case was trover for a clapboard saw mill which was leased for one season. When that season was closed the mill was stored by the defendant in accordance with an agreement of the parties, and during the second season the defendant set it up and used it until it was destroyed by fire without his fault. Then the lessor undertook to hold the lessee liable in trover for the value of the mill, but the court rendered judgment for the lessee, and in support of the judgment this Court held that the court below could fairly have

inferred from the knowledge and conduct of the parties that the plaintiff was satisfied that the defendant should use the mill the second season, and so in support of the judgment below this Court presumed that this reasonable and fair inference was made by the court below. The case in no respect supports the contention of the defendant.

The defendant suggests that the finding of facts is deficient in that it does not appear clearly how long a time elapsed between the several occurrences mentioned therein. But the finding of facts is not a pleading and there is no substantial insufficiency in the respect mentioned.

The defendant says, too, that there is a shortage in the finding of facts in that there is no finding "as to the plaintiffs' understanding as to when they were to receive their pay." But the findings show that the plaintiffs refused credit and insisted that if there was a sale the transaction must be a cash one and that the defendant agreed to pay cash on delivery.

This states the contract and a contract is a meeting of minds and expresses the understanding and expectations of the parties, and the law of contract is as Sir Frederick Pollock has declared an endeavor "to establish a positive sanction for the expectation of good faith which had grown up in the mutual dealings of men of average right mindness." Pollock, Principles of Contract, 1, 8th London Ed., 1911.

The defendant makes no claim that if the judgment was proper the court was not warranted in granting the motion for a certified execution.

*Judgment affirmed.*