## W. J. BEAN v. H. S. COLTON.

. May Term, 1925.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 7, 1925.

*Trial—When Motion for Directed Verdict Waived—Inadequate Briefing—Trover and Conversion—Defendant's Concessions as Making Prima Facie Case—G. L. 2063—Notice—Hearings by Appraisers—Matters of Which Appraisers Must Be Satisfied—Necessity of Compliance with Statutory Requirements—Conversion by Sale Not Complying with Statute—Questions of Evidence Not Reviewable When Findings Unchallenged—Demand for Return of Property—Questions Raised for First Time in Supreme Court.*

1. Defendant's motion for directed verdict, made at close of plaintiff's evidence, is waived by proceeding with trial.

2. Mere statement in brief that court erred in overruling motion for directed verdict is inadequate briefing.

3. In action of tort for conversion of certain live stock, although plaintiff's evidence was insufficient to make out case, defendant's concession that property belonged to plaintiff, and that defendant attached, took possession of, and sold it, having the force of evidence, *held* to make out *prima facie* case for plaintiff.

4. Although G. L. 2063 does not provide when notice shall be given of application to have attached property examined, appraised and sold, except that it shall be at least 20 days prior to sale of property, it must be given a reasonable length of time before appraisers act, so that parties may have an opportunity to be present if they so desire.

5. Notice of application by plaintiff under G. L. 2063, to have attached property examined, appraised, and sold, given after appraisers had been appointed and appraisal made, *held* insufficient.

6. Although G. L. 2063 is silent as to any hearing by appraisers provided for therein, scope of their inquiry is such that in some, if not most, instances hearing is necessary to intelligent action.

7.  Matters of which such appraisers should be satisfied before making appraisal, stated.

8.  Resort to proceedings for examination, appraisal, and sale of attached property is warranted only by specific statutory law (G. L. 2063), and to be justified proceedings must be shown to have been in conformity with provisions of such law.

9.  Where notice of examination, appraisal, and sale of attached property under G. L. 2063, was not given debtor until after appraisers had been appointed and appraised property, there was an unqualified noncompliance with statute in a respect essential to authority of officer to sell attached property, in absence of consent of parties, and by reason thereof sale by officer constituted conversion of such property.

10. Where findings are unchallenged, questions relating to tendency of evidence or lack of evidence are not before Supreme Court for review.

11. In action for conversion against officer for selling attached property, where evidence showed unauthorized sale of plaintiff's property because of noncompliance with essential statutory requirements, proof of demand for return of property was unnecessary.

12. Supreme Court will not consider questions raised for first time in such court.

ACTION OF TORT for conversion of certain live stock by an officer. Pleas, general denial, and justification as constable. Trial by court at the June Term, 1923, Orange County, *Thompson*, J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Roland E. Stevens* for the defendant.

*F. G. Bicknell* and *H. K. Darling* for the plaintiff.

SLACK, J.    The action is tort for the alleged conversion of certain live stock. Defendant pleaded in justification that, as constable of the town of Thetford, he attached the property in question in an action returnable to Orange county court, wherein one Walter Picknell was plaintiff and this plaintiff was defendant, and on written application of Picknell for that purpose sold such property in accordance with the provisions of G. L. 2063.

Trial was by court, and, on the facts found, plaintiff had judgment and the case comes here on defendant's exceptions.

[1-3]    At the close of plaintiff's evidence defendant moved for a finding in his favor on the ground that plaintiff had not "established a case." The motion was denied and defendant had an exception. This exception is without merit for several reasons. The defendant waived it by proceeding with the trial (*Latremouille* v. *Bennington & Rutland Ry. Co.*, 63 Vt. 336, 22 Atl. 656) ; it is inadequately briefed, it being merely stated in the brief that the court erred in overruling the motion (*McAllister* v. *Benjamin*, 96 Vt. 475, 497, 121 Atl. 263) ; and, although plaintiff's evidence was insufficient to make out a case, defendant's concession that the property belonged to plaintiff, that defendant attached it and took possession of and sold it, which concession had the force of evidence, clearly made a *prima facie* case for plaintiff.

The other exception relied upon is to the judgment. The only question raised by this exception that requires consideration is whether the defendant complied with the requirements of G. L. 2063 in selling the attached property. That statute provides: "When an attachment is made of live animals, or of goods or chattels which are liable to perish or waste or to be greatly reduced in value by keeping or which cannot be kept without great or disproportionate expense, and the parties do not consent to the sale thereof, the property so attached shall, upon request of either of the parties interested, be examined, appraised and sold, or otherwise disposed of, in the manner following: Upon such application by either party to the attaching officer, he shall give notice thereof to the other parties, by delivering to them or their attorneys, a written notice," etc., "at least twenty days prior to the sale of the property. He shall prepare a schedule of the property and appoint three disinterested persons acquainted with its value as appraisers, to be sworn by him; and, if such appraisers are satisfied that the defendant in the action has been informed of the attachment of the property, they shall appraise the same as provided by law."

It is found that defendant attached the property in question as the property of this plaintiff, defendant in the suit of *Picknell* v. *Bean;* that thereafter Picknell made written application to defendant to have such property "examined, appraised and sold as provided in Section 2063 of the general Laws"; that defend-

ant thereupon appointed appraisers and made and delivered to them a schedule of the property to be appraised, and they appraised the same; that after the appraisal defendant sent plaintiff notice of the application and of the appraisal, and notice that the property would be sold ''as the law provides'' on the 8th day of April, 1922; that plaintiff had no notice of the application and proceedings to appraise the property, nor of the appraisal until he received Defendant's Exhibit E. This exhibit is a letter written by defendant to plaintiff on the day of the appraisal, to wit, March 16, 1922, but after the same had been made, and was received by plaintiff.

[4-7]  Was. the notice of Picknell's application to have the property examined, appraised, and sold, given as it was after appraisers had been appointed and the appraisal made, such notice as the statute contemplates? We think not. While the statute does not provide when notice of such application shall be given, except that it shall be at least twenty days prior to the sale of the property, manifestly it must be given a reasonable length of time before the appraisers act, so that the parties may have an opportunity to be present if they so desire. Although the statute is silent as to any hearing by the appraisers, the scope of their inquiry is such that in some, if not most, instances a hearing is necessary to intelligent action. Before the appraisers are warranted in making an appraisal, they must be satisfied that the debtor has been informed of the attachment. *Goodrich* v. *Chappell & Phaneuf,* 90 Vt. 263, 98 Atl. 46. Ordinarily this would appear from the officer's return on the writ, but where, as in the instant case, the defendant resides out of the State and has received no official notice of the attachment at the time of the appraisal, the appraisers would be obliged to resort to evidence *dehors* the record on that question. Then, too, the appraisers must be satisfied that the property is liable to perish or waste or to be greatly reduced in value by keeping, or cannot be kept without great and disproportionate expense, before they are authorized to fix its value. *Goodrich* v. *Chappell & Phaneuf, supra.* Again, the appraisers are required to appraise the property at its value in money; and although the statute requires the appointment of appraisers who are *acquainted* with the property's value, they undoubtedly may, and should when necessary, seek information on this subject from outside sources. It is a matter of common knowledge that some personal property,

and especially live stock, may have elements of value that can be ascertained only by inquiry. Authority to inquire into these matters must necessarily be implied from the authority expressly conferred upon the appraisers, and the debtor is obviously entitled to an opportunity to be heard concerning them, and consequently is entitled to such notice of the application as will enable him to be present. The case nearest in point that has come to our attention is *Abbott* v. *Kimball,* 23 Vt. 542. That was an action of trover, brought by a party whose property had been attached, against the attaching officer. The defendant's evidence tended to show that the attaching creditor made application to have the property appraised and sold under the statute, and that he gave the plaintiff notice of such application and that he should have the property appraised at a time and place named and should proceed to dispose of the same under the statute. The plaintiff contended that it was necessary for the officer to give him notice of the appraisal having been made in point of fact and of the sum for which the property was appraised. In disposing of this question, the Court said: "In this case we do not think the statute contemplates successive notices in the course of the several stages of the disposition of perishable property, under the statute. It is certain, no such notice is provided for in the statute. And if it were required, we do not see, why it should not have been provided for, as well as the first notice, which is required, in terms." Although the question under consideration here was not before the Court in that case, it is apparent from what is there said that the Court construed the statute to require the notice there provided for to be given before the appraisal; and such is our construction.

[8, 9] A resort to this proceeding is warranted only by specific statutory law, and in order to be justified in the given instance, the proceedings must be shown to be conformable to the provisions of such law. *Walker* v. *Wilmarth,* 37 Vt. 289. We hold, therefore, that there was an unqualified noncompliance with the statute in a respect essential to any authority in the officer to sell the attached property (in the absence of consent of the parties), and that by reason thereof the sale in question constituted a conversion by such officer of plaintiff's property.

[10, 11] The defendant excepted to the judgment on the grounds that the evidence did not warrant a recovery by plaintiff, and that there was no evidence tending to show a conversion or a

4

demand for a return of the property. Since the findings are unchallenged, questions relating to the tendency of the evidence, or the lack of evidence, are not before us. But were it otherwise, these exceptions are without merit. Defendant's own evidence showed an unauthorized sale by him of the plaintiff's property, because of his failure to comply with essential statutory requirements. This constituted a conversion. And in the circumstances no demand was necessary. *Crampton* v. *Valido Marble Co.*, 60 Vt. 291, 15 Atl. 153, 1 L. R. A. 120; *Allen Lumber Co.* v. *Higuera*, 86 Vt. 453, 85 Atl. 979.

[12] Other grounds than those covered by the exceptions are now urged against the validity of the judgment, but, since the well established rule, frequently announced, is that this Court will not consider questions raised here for the first time, these grounds cannot avail the defendant, and therefore are not considered.

*Judgment affirmed.*